# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2000-CT-02087-SCT

*ORAL ROBINSON*

*v.*

*STATE OF MISSISSIPPI*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 8/16/2000 |
| TRIAL JUDGE: | HON. THOMAS J. GARDNER, III |
| COURT FROM WHICH APPEALED: | MONROE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEAN SMITH VAUGHAN |
| DISTRICT ATTORNEY: | JOHN R. YOUNG |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 12/12/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**SMITH, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Oral Robinson appeals to this Court by writ of certiorari from the Court of Appeals which affirmed the trial court's twenty-year sentence imposed upon Robinson for violation of probation terms imposed upon Robinson during a 1996 plea of guilty to sexual battery.

¶2.     At the time of the 1996 guilty plea Robinson had prior convictions, yet the trial court nonetheless suspended Robinson's sentence. According to the record, Robinson pled guilty to a reduced non-habitual charge of sexual battery. Robinson's release was later revoked, and Robinson was ordered to serve the 20 -year sentence.

¶3.     Robinson filed a motion for post-conviction relief in the trial court claiming that his sentence was illegally imposed because, as a two time prior offender, he was not eligible for a suspended sentence and probation.  The trial court denied the motion, and the Court of Appeals affirmed  finding that Robinson suffered no prejudice because his sentence was less than the maximum sentence that could have been imposed.

¶4.     We agree that the Court of Appeals was correct to affirm the trial court, but we disagree with its reasoning in reaching that decision.  After thorough analysis of the facts and circumstances peculiar to this particular case, careful examination of the record before us,  and our interpretation of the applicable statutes, we hold that Robinson clearly pled guilty to a reduced charge as a non-habitual offender, was sentenced according to appropriate statutes, thus he was not given an illegal sentence by the trial court. Accordingly, we affirm the Court of Appeals decision, but for different reasons.  Robinson's post conviction relief is denied.

## STATEMENT OF THE CASE

¶5.     The Court of Appeals opinion included the following factual background:

> Oral Robinson, after being indicted on two counts of sexual battery in the Circuit Court of Monroe County, pled guilty to one count. As a part of the plea agreement, the remaining count was retired to the files. Robinson was sentenced to a term of twenty years; however, the entire sentence was suspended on condition that Robinson comply with certain terms enumerated in the judgment of sentence, one of them being a requirement that he avoid future criminal violations of the law. Robinson was subsequently arrested on three counts of uttering a forgery, and the State sought to revoke Robinson's probation and the trial court, following a hearing on the matter, did in fact revoke probation and order Robinson to serve the remaining portion of his twenty-year sentence.

> Robinson later filed a motion for post-conviction relief alleging a substantial number of different claims which he contends entitle him to have his judgment of conviction set aside. The circuit court denied Robinson any relief on his motion without affording him the opportunity to have an evidentiary hearing to prove the allegations in his motion.

2

The 1994 indictment against Robinson recited that he had been previously convicted of burglary in 1989 and 1990, such that he was ineligible for probation at the time of the plea agreement and sentence. Nonetheless, the Court of Appeals affirmed the trial court's denial of post-conviction relief on finding that Robinson suffered no prejudice as a result of being sentenced to less than the statutory maximum of 30 years.

## DISCUSSION

¶6.    It is true that Robinson was indicted in this case as an habitual offender under Miss. Code Ann. § 99-19-81 (2000), which states:

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

While Robinson was indicted as a habitual offender, what occurred in the trial court on November 21, 1996, was a common occurrence repeating itself numerous times every day in our trial courts – a defendant who was indicted as an habitual offender was allowed, through the plea-bargaining process, to plead as a "non-habitual offender." We have acknowledged this common occurrence in our trial courts in the past. *See **Rush v. State***, 749 So. 2d 1024 (Miss. 1999); ***Turner v. State***, 590 So. 2d 871 (Miss. 1991); ***Wrenn v. State***, 802 So. 2d 177 (Miss. Ct. App. 2001). A careful review of the record before us is indeed revealing. According to the Reference Docket Sheet of Monroe County, which has been certified as a true and correct copy by the circuit court clerk, Count I of Robinson's charge was reduced to a non-habitual status; therefore, when Robinson pled guilty to sexual battery, he did not plead guilty as an habitual offender. Consequently, once the State, through the plea bargaining process, agreed to drop the habitual

3

offender portion of the indictment, the trial judge was powerless to sentence Robinson pursuant to Miss. Code Ann. § 99-19-81. We have held that prior to the trial judge's invoking the provisions of Miss. Code Ann. § 99-19-81, the State must prove beyond a reasonable doubt that the defendant is an habitual offender, and under this statute such proof is usually offered by way of properly certified/authenticated documents regarding the prior indictments and sentencing orders. *See Moore v. State*, 631 So.2d 805, 806 (Miss. 1994); *Buckley v. State*, 511 So.2d 1354, 1360 (Miss. 1987); *Seely v. State*, 451 So.2d 213, 215 (Miss. 1984). The State, in exercising its duly authorized prosecutorial discretion, chose not to proceed with any attempt to prove Robinson to be a statutory habitual offender; therefore, absent this proof, Judge Gardner was without authority to sentence Robinson pursuant to the mandatory provisions of Miss. Code Ann. § 99-19-81. But for the inclusion of the Reference Docket Sheet of Monroe County which absolutely indicates the reduced non-habitual status of this plea of guilt and sentence, this Court could not affirm the Court of Appeals and trial court.

¶7.     Uniform Rule of Circuit and County Court Practice 8.04 allows defendants to enter guilty pleas upon plea negotiations with prosecutors which may reduce their offense to a lesser charge. Rule 8.04 states in pertinent part:

> **A. Entry of Guilty Pleas.**
>
> . . . .
>
> 2. *Entry of Guilty Plea*. A person who is charged with commission of a criminal offense in county or circuit court, and is represented by an attorney may, at his/her own election, appear before the court at any time the judge may fix, and be arraigned and enter a plea of guilty to the offense charged, and may be sentenced by the court at that time or some future time appointed by the court.
>
> . . . .
>
> **B. Plea Bargaining.**

. . . .

2. The prosecuting attorney, defendant's attorney, or the defendant acting pro se, may reach an agreement that upon an entry of a plea of guilty to the offense charged or to a lesser or related offense, the attorney for the state may do any of the following:

a. Move for a dismissal of other charges; or
b. Make a recommendation to the trial court for a particular sentence, with the understanding that such recommendation or request will not be binding upon the court.

¶8.    Numerous Mississippi cases present facts similar to the case sub judice where the defendant was indicted as an habitual offender, but was able to plead guilty to a lesser offense which did not include the habitual status or where the prosecutor chose not to indict the defendant as an habitual offender if he plead guilty to the indicted crime. *See, e.g., Rush*, 749 So.2d at 1025; *Turner*, 590 So.2d at 872-73; *Wrenn*, 802 So.2d at 179.

¶9.    In the present case, a guilty plea hearing was conducted on November 21, 1996, after the trial had commenced. Although the trial judge was aware of Robinson's prior felony convictions, the trial judge acknowledged Robinson and his attorney had been engaged in plea bargain discussions with the prosecutor. He read the new charge[1] which was listed only as felony sexual battery with no mention of an habitual status, and Robinson plead guilty to the charge. The State recommended a 20-year suspended sentence pending his future good behavior, which recommendation was accepted by the trial court and Robinson was sentenced pursuant to the recommendation. According to the sentencing order, Robinson plead guilty to a charge of sexual battery. Again, there was no mention of habitual status.

---

[1] On April 25, 1995, Robinson was indicted on one count of felony sexual battery and was charged under § 99-19-81 as a habitual offender. According to the indictment in cause number CR95-056, Robinson had previously been convicted for three house burglaries, one in Pontotoc County, and two in Union County.

¶10.    According to the docket sheet an agreed motion to reduce the charge, an order reducing the charge in Count I to non-habitual, an order accepting a plea to the reduced charge, a motion to retire the cause to the files as to Count II, an order retiring the cause to the files as to Count II, and a sentencing order in Count I were all filed on November 21, 1996. The court papers from the Circuit Court of Monroe County only contain the sentencing order. However, it is clear from the docket sheet and from the sentencing order that Robinson did not plead as an habitual offender. Because he did not plead guilty as an habitual offender, the trial court was under no obligation to sentence Robinson to the maximum statutory penalty of thirty years. Despite Robinson's contention that he was somehow lured into pleading guilty, the record indicates that his plea was free and voluntary without threat or coersion. In fact, it is clear that Robinson avoided sentence as an habitual offender by a reduced non-habitual plea bargain. The trial judge is the ultimate decision maker as to whether or not to accept a plea of guilt and is also solely responsible for determining the appropriate sentence. The trial judge does not have to accept any sentence recommendation made during plea negotiations. Here, the trial court did accept the recommendation of the state and so sentenced Robinson accordingly. We hold that Robinson was not given an illegal sentence, but rather, he was appropriately sentenced according the governing statutes. We need not address § 47-7-33 as we find Robinson was not illegally sentenced for the reasons stated above.

## CONCLUSION

¶11.    The judgments of the Court of Appeals and the trial court are affirmed but for different reasons as previously discussed above. The sentence imposed by the trial court was not illegal but was proper in accordance with our statutes.

¶12.    **AFFIRMED.**

6

**PITTMAN, C.J., WALLER, DIAZ, EASLEY AND GRAVES, JJ., CONCUR. COBB, J., CONCURS IN RESULT ONLY. CARLSON, J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED IN PART BY COBB, J. McRAE, P.J., NOT PARTICIPATING.**

**CARLSON, JUSTICE, CONCURRING:**

¶13.    I agree with the majority's conclusion that the Court of Appeals erred in finding that Robinson suffered no prejudice by receiving a sentence of less than the maximum sentence allowed by law, and that Robinson cannot now be heard to complain of an undeserved lenient sentence, whether legal vel non.

¶14.    However, I part company with the majority when it finds that the trial judge in this case did not impose an illegal sentence, under our current case law interpreting Miss. Code Ann. § 47-7-33. On the other hand, with the utmost deference and respect for my distinguished colleagues on this Court who have created a line of cases stating that Miss. Code Ann. § 47-7-33 prohibits a trial judge from imposing "a suspended sentence" upon a prior convicted felon, I must respectfully disagree with those lines of cases for I firmly believe that the trial judge, in the exercise of sound judicial discretion, correctly applied the statute in imposing a suspended sentence upon Robinson, notwithstanding the fact that Robinson was a prior convicted felon at the time of sentencing. My opinion is based on the facts and circumstances peculiar to this particular case, and my interpretation of the applicable statutes.

¶15.    While Robinson was indicted in this case as an habitual offender under Miss. Code Ann. § 99-19-81, the majority quite correctly points out that through the customary plea-bargaining process, the State, in the clear exercise of prosecutorial discretion, chose not to go forward with its proof on the habitual offender portion of the indictment, thus allowing Robinson to plead as a "non-habitual offender", thereby enabling Judge Gardner to then be unconstrained by the habitual offender statute insofar as the imposition

7

of a sentence of less than the maximum penalty allowable by law without consideration of the non-parole or non-probation requirements of the statute.

¶16.    However, the majority errs when it stops there and concludes that Robinson did not receive an illegal sentence.  The majority correctly points out that when Robinson plead guilty to the principal offense in 1996, "Robinson had prior convictions, yet the trial court nonetheless suspended Robinson's sentence." Majority Opinion ¶2. The majority acknowledges that at least one of the claims in Robinson's PCR motion was "that his sentence was illegally imposed because, as a two time prior offender, he was not eligible for a suspended sentence and probation."[2] Majority Opinion ¶ 3. Finally, the majority concludes:

> After thorough analysis of the facts and circumstances peculiar to this particular case, careful examination of the record before us, and our interpretation of the applicable statutes, we hold that Robinson clearly pled guilty to a reduced charge as a non-habitual offender, was sentenced according to appropriate statutes, thus he was not given an illegal sentence by the trial court.

Majority Opinion ¶4. However, in so concluding, the majority, I respectfully submit, fails to address the issue of a prior convicted felon receiving a suspended sentence, which Robinson raised in his PCR motion. This issue is altogether different than the issue addressed by the majority -- the legality of a defendant indicted under the provisions of Miss. Code Ann. § 99-19-81 receiving a less than maximum sentence through the plea bargaining process resulting in the prosecution's "dropping" the habitual offender portion of the indictment.

---

[2]While the majority correctly conveys Robinson's claim, Robinson is in error in stating that Judge Gardner imposed "probation."  Judge Gardner imposed a twenty (20) year suspended sentence, with court-imposed terms of good behavior, but not "probation" as envisioned by the terms of Miss. Code Ann. § 47-7-33.

¶17.    In ***Robinson v. State***, 585 So.2d 757 (Miss. 1991) (***Robinson I***),[3] the trial judge imposed a three-year suspended sentence, with supervised probation, on a prior convicted felon (Robinson) and judgment was entered accordingly; however, only three days later, during the same term of court in which he had just been sentenced, Robinson was arrested on another felony charge, and the trial judge ordered that Robinson actually serve his three year sentence in the Mississippi Department of Corrections (MDOC).[4] This Court correctly held that Miss. Code Ann. § 47-7-33 did not permit "suspension of sentence ***and*** probation to a defendant with a prior felony conviction." ***Id.*** at 759. (emphasis added). Thus, the sentence was illegal and was set aside, and the case was remanded for a new trial.

¶18.    In ***Goss v. State***, 721 So.2d 144 (Miss. 1998), the defendant, while indicted as an habitual offender, was allowed, through plea-bargaining to plead as a non-habitual offender and the trial court thereafter imposed a sentence of "ten years in the (MDOC), with seven years to serve and three years suspended for a five year period." ***Id.*** at 145.  On appeal to this Court, Goss asserted that because he was a prior convicted felon, he had been erroneously sentenced by the trial judge to a probationary term prohibited by Mississippi Code Ann. § 47-7-33.  This Court concluded that "[a]fter close consideration of the statutory language, we find the partial suspension of Goss's sentence erroneous." ***Id.*** at 145.  ***Goss*** then discussed the difference of the terms "suspension" and "probation," but then, in citing ***Robinson I***, the Court concluded:

---

[3]The defendant in ***Robinson I***, is not the same defendant before the Court today, but the ***Robinson I*** designation is being used so as to avoid confusion.

[4]This action was taken not as a result of a revocation hearing, but instead a modification of the initial sentencing order since the trial judge was still involved in the same term of court in which the original sentence had been imposed, thus the trial judge had authority to modify the original judgment while still in term. ***Jones v. Index Drilling Co.***, 251 Miss. 578, 170 So.2d 564, 571 (1965), citing ***Bronson v. Schulten***, 104 U.S. (14 Otto) 410, 26 L.Ed. 797 (1882).

Goss cites ***Robinson v. State*** in support of his contention that his suspended sentence was erroneous. ***Robinson v. State,*** 585 So.2d 757 (Miss. 1991). In ***Robinson***, we held the trial court suspended the defendant's sentence in violation of § 47-7-33 due to the defendant's prior felony conviction. ***Robinson***, 585 So.2d at 759. The uncertainty in the instant case stems from the distinguishable fact that only part of Goss's sentence was suspended by the lower court rather than the entire sentence as in ***Robinson***. We find that the wording of the statute not only restricts the courts' ability to place defendants with prior felony convictions on probation, but it also restricts their ability to wholly or partially suspend the sentence of a previously convicted felon. Therefore, the lower court erred in sentencing Goss, a convicted felon, to serve seven years in the state penitentiary followed by a conditional three year suspended sentence. Goss is simply not entitled to a suspended sentence in light of his prior conviction.

721 So.2d at 146. Again, with all deference to my colleagues, I believe this Court got it right in ***Robinson I***, but then, though unintentionally, misapplied the holding in ***Robinson I*** to the facts in ***Goss***.

¶19.    ***Goss*** and its progeny, in my humble opinion, have continuously misinterpreted Miss. Code Ann. § 47-7-33 (2000) by using the terms "suspended sentence" and "probation" interchangeably. Section 47-7-33 states:

(1) When it appears to the satisfaction of any circuit court or county court in the State of Mississippi; having original jurisdiction over criminal actions, or to the judge thereof, that the ends of justice and the best interest of the public, as well as the defendant, will be served thereby, such court, in term time or in vacation, shall have the power, after conviction or a plea of guilty, except in a case where a death sentence or life imprisonment is the maximum penalty which may be imposed or where the defendant has been convicted of a felony on a previous occasion in any court or courts of the United States and of any state or territories thereof, *to suspend the imposition or execution of sentence, and place the defendant on probation as herein provided,*[5] except that the court shall not suspend the execution of a sentence of imprisonment after the defendant shall have begun to serve such sentence. In placing any defendant on probation, the court, or judge, shall direct that such defendant be under the supervision of the Department of Corrections.

---

[5]Miss. Code Ann. § 47-7-35 sets out the terms of *supervised* probation, when the defendant is going to serve the terms of probation under the direction and control of the Mississippi Department of Corrections (MDOC).

(emphasis added). My interpretation of the statute has always been that prior convicted felons are excepted only from receiving supervised probation, not from receiving a suspended sentence. The prior felony exception applies only in a situation where the sentencing judge intends "*to suspend the imposition or execution of sentence, **and** place the defendant on probation as herein provided.*" The fact that the legislature chose in this sentence to use the conjunctive "and" as opposed to the disjunctive "or" is critical to our proper judicial interpretation of this legislative enactment. I respectfully believe that the majority would accept the premise that a suspended sentence with court imposed terms of good behavior, and a court imposed supervised probation involving, inter alia, the statutory terms found in Miss. Code Ann. § 47-7-35 and also involving a MDOC probation officer are two altogether different sentences. If the legislature had intended for the prior felony exception to apply to both instances where a judge is considering imposition of a "straight" suspended sentence vs. supervised probation, the legislature would have used the disjunctive "or" to assure that the prior felony exception applied in both sentencing situations. The fact that the legislature chose here to use the conjunctive "and", as opposed to the disjunctive "or," speaks volumes as to the intent of the legislature in drafting this statute. Justice Mills, in his dissenting opinion in *Carter v. State*, 754 So. 2d 1207, 1210-11 (Miss. 2000), acknowledged that there is a distinct difference between a "suspended sentence" and "probation." In *Carter*, Justice Mills dissented and stated, in pertinent part:

> This statute [Miss. Code Ann. § 47-7-33] either incorrectly or inadvertently equates probation with suspension of sentence. There is a difference between the two. Under probation the court releases the defendant into the community under the supervision of a probation officer. The defendant's freedom after conviction is subject to the condition that for a stipulated period of time he shall conduct himself in a manner approved by a special officer to whom he must make periodic reports. *Black's Law Dictionary,* 1082 (5 th ed.1979). A suspended sentence is one that is given formally but not actually served. The defendant is not required, at the time the sentence is imposed, to actually serve the sentence. This suspension is contingent upon the good behavior of the defendant. *Id.* at

1223, 1297. Under a suspended sentence the defendant is not required to report to an officer as he is while on probation. However, the trial court does possess the power to revoke the suspended sentence.

Clearly, the obligations, duties and expectations of the defendant on probation are distinct from a defendant's responsibilities while "serving" a suspended sentence. Furthermore, a trial court may impose a suspended sentence for a term up to the maximum sentence allowed by law. Under Mississippi law, a trial court may only impose probation for a maximum of five (5) years. Miss. Code Ann. § 47-7-37 (Supp. 1999). In spite of these differences between the suspended sentence and probation, section 47- 7-33 confuses suspended sentences and probation and treats them as one in the same.[6] This is evidenced by the language, "... to suspend the imposition or execution of sentence, and place the defendant on probation as herein provided...." Miss. Code Ann. § 47-7-33 (1993). A suspension of a sentence does not automatically mean that the defendant will be on probation and under a duty to report to a probation officer. It simply means that part of his entire sentence has been postponed pending the defendant's good behavior or such other conditions as the court may see fit to establish.

*Carter*, 754 So. 2d at 1210-11 (Mills, J., dissenting).

¶20.    A suspended sentence is a sentence which is given formally following the conviction of a crime, but the defendant is not required to serve the sentence at the time the sentence is imposed. *Black's Law Dictionary* 1446 (6th ed. 1990). The suspension is conditioned upon the good behavior of the defendant. Id. at 1363. The trial court does have the power to revoke a suspended sentence, and the defendant is not required to report to any officer if his sentence is suspended. However, if a defendant is given probation, that defendant is released under the supervision of a probation officer. The defendant must agree to certain terms and conditions, and any violation of such term or condition will subject the defendant to a revocation of probation. The probation officer must report the probationer's progress to the court and surrender the probationer if any violation occurs. Id. at 1202.

---

[6]I disagree with Justice Mills as to this one statement. Contrary to Justice Mills's statement that the statute confuses these terms, I believe the language of the statute is clear and unambiguous and the legislative intent is clear.

¶21.     Upon a careful reading of Miss. Code Ann. § 47-7-33, the prior convicted felony exception applies only when the sentencing judge is suspending the imposition of the sentence *and* placing the defendant on probation.  The prior convicted felony exception does not apply when the sentencing judge is suspending the imposition or execution of the sentence, period, without any added terms of supervised probation.[7]  As stated above, a defendant who receives a suspended sentence will not necessarily be placed on probation or be required to report to a probation officer. If the court suspends a sentence, that portion of the sentence which is suspended will only be postponed pending the defendant's good behavior or any other such conditions established by the court. As a matter of common practice in our circuit and county courts, when the judge imposes a suspended sentence upon a defendant, that defendant will ordinarily be instructed, inter alia, not to illegally use or possess any illegal drug, not to own, carry or conceal a firearm, and not to commit any crime during the period of suspension, whether that period be for one, five, ten or twenty years.[8]  Additionally, as opposed to the provisions of Miss. Code Ann. § 47-7-33, which clearly state that a prior convicted felon cannot receive "supervised probation," there is no statutory prohibition against the imposition of a straight suspended sentence, either total or partial,[9] by the trial judge, upon a prior convicted

---

[7]Of course, the trial judge will impose certain conditions of good behavior, as pointed out herein, and the failure of such defendant to abide by these court-imposed "good behavior" terms may result in a revocation of the defendant's suspended sentence.

[8]For example, if the maximum penalty for a particular crime is twenty (20) years, the judge could impose the maximum penalty and suspend the entire sentence, meaning that the defendant would have to abide by the specified court-imposed terms of the suspended sentence for the entire twenty (20) year period, failing which, upon proper proof of violation during the period of suspension, the judge could revoke the entire twenty (20) year suspended sentence and have that defendant serve the entire twenty (20) years in the custody of the MDOC. Of course, the judge could choose, in the exercise of discretion, to partially revoke the suspended sentence.

[9]A totally suspended sentence would be, for example, five (5) years with the entire five (5) year sentence suspended, with the defendant being required to stay on good behavior for the entire five (5) year period subject to the court-imposed terms.  A partially suspended sentence would be, for example, five

13

felon, subject to specified "court-imposed terms" as opposed to the statutory supervised probation terms which involve a probation officer.

¶22. The sentence imposed upon Robinson was not illegal. After Robinson pled guilty to one count of sexual battery as a non-habitual offender, the State recommended that he be sentenced to twenty years and that the sentence be suspended provided, inter alia, that he violate no law of the United States, the State of Mississippi or any other state. According to Miss. Code Ann. § 47-7-33, the trial court had the authority to suspend Robinson's sentence even though he was a prior convicted felon. If the trial court had chosen to also place Robinson on probation, the prior convicted felon exception in § 47-7-33 would certainly apply, and the sentence would have been illegal.[10] However, that did not happen here.

¶23. Because Judge Gardner's sentence imposed upon Robinson was not illegal, but indeed, was a permissible sentence as a matter of statutory law, and because the maximum prison term was not mandatory inasmuch as Robinson did not plead guilty as an habitual offender, I agree with the majority that the decision of the Court of Appeals which affirmed the trial court's denial of post-conviction relief should be affirmed. Even though I do not agree with the reasoning of the Court of Appeals, that court's ultimate decision to affirm the trial court was correct. However, because I feel that the majority should have also

---

(5) years, with three (3) years suspended and two (2) years to actually serve by way of MDOC incarceration, and upon release from MDOC custody, the defendant would have to stay on good behavior for the remaining three (3) years, subject to the court-imposed terms.

[10]One final observation – It is interesting to note that in 1995, the legislature enacted a law, codified as Miss. Code Ann. § 47-7-34, which allows the sentencing judge to impose a period of incarceration followed by "post-release supervision", which involves the defendant's compliance with "probation-like" terms, with the penalty for non-compliance being the same as that of violation of probation, namely, a revocation (or termination) of the period of post-release supervision. Noticeably absent from this statute is any "prior felony exception" as found in Miss. Code Ann. § 47-7-33.

addressed the suspended sentence/probation issue raised by Robinson, I felt compelled to address this issue.

¶24.    For these reasons, I respectfully concur.

**COBB, J., JOINS THIS OPINION IN PART.**