858 So.2d 882 (2003)
Frederick Dewayne CLARK, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-CP-00855-COA.
Court of Appeals of Mississippi.
August 19, 2003.
Rehearing Denied October 21, 2003.
Frederick Dewayne Clark (Pro Se), for appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, for appellee.
Before SOUTHWICK, P.J., LEE and GRIFFIS, JJ.
SOUTHWICK, P.J., for the court.
¶ 1. Frederick Clark was denied post-conviction relief in circuit court. On appeal, Clark alleges that the sentence he *883 received after pleading guilty was illegal; therefore he should be allowed to withdraw his plea and have his conviction set aside. We disagree and affirm.

FACTS
¶ 2. In 1996, Clark pled guilty to separate charges in two different counties within the same judicial district. In Panola County, Clark pled guilty to operating a chop shop and received a sentence of ten years' imprisonment with nine years suspended. Later that same day, Clark pled guilty to a DeSoto County charge of grand larceny and was sentenced to five years' imprisonment, all suspended, to run concurrently with the Panola County sentence. The word "probation" did not appear in either sentence, but the trial judge stated that the "suspension is pending the Defendant's future good behavior." We assume that at some later time Clark engaged in bad behavior, the suspension of Clark's sentence was terminated, and Clark was again incarcerated.
¶ 3. In April 2002, Clark petitioned for post-conviction relief. The suspended sentence given him for grand larceny was said to be illegal because of a statute that prohibits probation for previously convicted felons. By virtue of the conviction earlier in the day for operating a chop shop, Clark argues that by the time of his second plea he was a prior felon. The trial judge denied all relief.

DISCUSSION
1. Timeliness
¶ 4. The State argues Clark's petition is barred from consideration because it was filed six years following the entry of his guilty plea. The post-conviction relief statute contains a three-year limitation period. Miss.Code Ann. § 99-39-5(2) (Rev. 2000).
¶ 5. Clark asserts that his right to be free of an illegal sentence is a fundamental one not subject to a procedural bar. The Supreme Court has so found. Ivy v. State, 731 So.2d 601, 603 (Miss.1999). An argument could be made that it is freedom from an illegally harsh sentence that is the fundamental right. Regardless, we review this claim on the merits.
2. Illegal sentence
¶ 6. Clark complains that the offer of a suspended sentence in exchange for his guilty plea was an illegal inducement. A Mississippi statute prohibits the suspension of a sentence and granting of probation to defendants previously convicted of a felony.
When it appears ... that the ends of justice and the best interest of the public, as well as the defendant, will be served thereby, such court, in term time or in vacation, shall have the power, after conviction or a plea of guilty, except in a case where a death sentence or life imprisonment is the maximum penalty which may be imposed or where the defendant has been convicted of a felony on a previous occasion in any court or courts of the United States and of any state or territories thereof, to suspend the imposition or execution of sentence, and place the defendant on probation as herein provided, except that the court shall not suspend the execution of a sentence of imprisonment after the defendant shall have begun to serve such sentence. In placing any defendant on probation, the court, or judge, shall direct that such defendant be under the supervision of the Department of Corrections.
Miss.Code Ann. § 47-7-33(1) (Rev.2000) (emphasis added).
¶ 7. A justice on the Supreme Court has argued that since the statute provides that a judge may not "suspend the imposition *884 or execution of sentence, and place the defendant on probation as herein provided," the statute does not prohibit the suspension of a sentence so long as the defendant is not then placed on formal probation. See Robinson v. State, 836 So.2d 747, 751-52 (Miss.2002) (Carlson, J., concurring). Clark received a suspended sentence in which the probation was informal and unsupervised. Were we to adopt the concurring opinion's analysis, Clark's sentence would be an appropriate one. We therefore examine the reasoning.
¶ 8. What that concurring justice's view would mean is that the legislature wrote a statute that permits the suspending of sentences regardless of whether defendants had prior felony convictions. However, the oversight provided by the formal probation system would be available only to first-time offenders. If the defendant had prior felonies, it was the legislature's purpose to allow the suspending of the sentence and absolutely to prohibit the placing of that felon within the system for monitoring those on probation. Suspension would be possible, but supervision would not.
¶ 9. With respect, that is counter-intuitive. There is no discernible purpose as to why a first time offender who received a suspended sentence would be supervised in the probation system, but someone with multiple felony convictions also could be released early back into society yet could not be supervised. By considering the consequences of an interpretation, courts are when reasonably possible to avoid adopting a meaning that would lead to inexplicable results. Aikerson v. State, 274 So.2d 124, 127 (Miss.1973), overruled on other grounds in Conley v. State, 790 So.2d 773 (Miss.2001). Sometimes the results of a possible interpretation may be more extreme than here. Thus, the "Golden Rule" of statutory interpretation is the avoidance of absurdity. SINGER, SUTHERLAND STATUTORY CONSTRUCTION § 45.11, p. 61 (5th ed.1993). Toiling to interpret a statute in a manner that permits a judge's desired effect is a natural tendency. Such an interpretation is likely erroneous, though, unless the text will support that the meaning is consistent with the legislative design. If a court encounters what it finds to be serendipitous looseness of statutory language, the tightening should be done reasonably as viewed in the context of the whole statute.
¶ 10. Some trial judges may wish to allow suspension of sentences for prior felons in worthy situations. Before deciding that is statutorily permitted, the question is whether the legislature was for some reason requiring that a suspension be outside the usual probation regime not for first-time offenders, but only for those with multiple felony convictions. This would still be "probationary" because it would provide a time "period in which a person's fitness ... is tested." Definition of "probation," in AMERICAN HERITAGE DICT. OF AMERICAN LANGUAGE 1443 (3d Ed.1992). It just would not be supervised probation, i.e., "probation as herein provided" in the statute authorizing suspended sentences. Miss.Code Ann. § 47-7-33(1) (2002). The suspension would be ended if the felon later proved undeserving. According to the Robinson concurrence, the terms of the suspension would be that the felon maintain "good behavior." Robinson, 836 So.2d at 754 (quoting from definition of "suspension of sentence," BLACK'S LAW DICT. 1363 (6th ed.1990)). It would appear, though, that the "good behavior" phrase taken from the Black's definition of a suspended sentence is not distinct from but is only a summary of the usually detailed terms of probation.
¶ 11. The Robinson concurrence concedes that suspended sentences without *885 formal probation being imposed are still probationary. What determines failure is "bad behavior." We note that the suspended sentence option without formal probation may be especially favored in the district in which Clark received his "good behavior" suspended sentence. That was also the district in which the Supreme Court justice who wrote the Robinson concurring opinion ably served as a circuit judge. In yet another example from the trial judge who sentenced Clark, the Supreme Court held that a sentence that was suspended "pending your future good behavior," in fact created a probationary condition, the violation of which would end the suspension. Tunstall v. State, 767 So.2d 167, 170 (Miss.1999). Such sentences result in an unsupervised probationary suspension. Id. This is probation, but it is not "probation as herein provided" in Chapter 7 of Title 47 of the Code.
¶ 12. The Robinson concurrence concluded that "the prior convicted felony exception applies only when the sentencing judge is suspending the imposition of the sentence and placing the defendant on probation." Robinson, 836 So.2d at 755. This is among the grammatically supportable translations of the statute. Yet it is inexplicable that the legislature would have allowed suspended sentences for all offenders, provided that first time offenders could serve them within the supervision of the probation system, and absolutely prohibited any supervision of the repeat offenders even when their suspensions were contingent, i.e., "probationary." We should not "convict the legislature of unaccountable capriciousness." Kellum v. Johnson, 237 Miss. 580, 587, 115 So.2d 147, 150 (1959).
¶ 13. The majority in Robinson did not address the issues raised in the concurring opinion but decided the case under a different analysis that we review below. The view of the Robinson concurrence, even if consistent with some trial court's practice, is unpersuasive. We conclude that the proper interpretation of section 47-7-33 is that it prohibits the suspending of a prior felon's new sentence and it prohibits the giving of probation "as provided herein" to a former felon. It does not require that both be done before the statute is violated. Thus even if unsupervised probation for a prior felon is not literally banned by this statute, a suspended sentence is. We note that if a "suspension" has no probationary conditions that could cause the entire sentence to be served, then analytically no part of the sentence has been provisionally withdrawn to shadow the felon thereafter. If there is a part that will not be served no matter how egregiously criminal the defendant's future conduct might be, then that part is not suspended, it is ended.
¶ 14. We turn now to the Robinson majority. It found that a sentence could be suspended and probation given despite the defendant's two prior felony convictions. This was the reasoning:
While Robinson was indicted as a habitual offender, what occurred in the trial court on November 21, 1996, was a common occurrence repeating itself numerous times every day in our trial courts a defendant who was indicted as an habitual offender was allowed, through the plea-bargaining process, to plead as a "non-habitual offender."
Robinson, 836 So.2d at 749. The Court quoted a rule that plea bargaining was encouraged and appropriate. Id. at 749-50, quoting URCCC 8.04 B.1. According to the same body of court rules, if the State seeks to convict a defendant under the habitual offender statutes, that is to be included as a charge in the indictment. URCCC 11.03. In Rule 11.03's terminology, these habitual offender statutes provide for "enhanced punishment *886 for subsequent offenses." These statutes go further than just the prohibition of probation but require the imposing of the maximum sentence for the crime in some circumstances and life imprisonment in others. Miss.Code Ann. §§ 99-19-81 & 99-19-83 (Rev.2000). Under both statutes, probation or parole is prohibited. Id.
¶ 15. Even though the trial judge in sentencing Robinson knew that the defendant was a prior felon, the Supreme Court found that accepting the bargain that led to the dropping of habitual offender charges was an appropriate use of the trial court's discretion. Robinson, 836 So.2d at 750. The Court said this about the separate statute that we have already discussed that prohibits a suspended sentence and probation to someone with a prior felony conviction: "We need not address § 47-7-33 as we find Robinson was not illegally sentenced for the reasons stated above." Id. at 751.
¶ 16. In summary, Robinson was a prior felon. The trial court knew it. Despite those facts, the Supreme Court found that no independent issue arose under section 47-7-33a statute that prohibits the giving of a suspended sentence and probation to someone with a prior felony conviction. A factual distinction can be made between Robinson in which the accused was indicted as an habitual offender and here when Clark was not. Yet we can find no principled reason to allow a plea-bargained sentence suspension and probation only if a prior felon was facing either the maximum sentence or life imprisonment under the habitual offender statutes but not allow it if a prior felon had no such habitual charge brought. He is equally a prior felon in each situation.
¶ 17. The Robinson interpretation is within the power of the Supreme Court to make and even more clearly within our obligation to follow. Whatever else can be said about the matter, the knowledge that we have gained from recent appeals reveals that the practice of giving probation to defendants with prior felony convictions, at least if they plead guilty, is rampant.
¶ 18. Clark was not charged as an habitual offender. Consequently, there was no charge to drop from the indictment at the second guilty plea proceeding. Nonetheless, under Robinson we find that if as a result of a plea bargain a prior felon voluntarily accepts an offered suspended sentence and some form of probation, that this becomes by agreement an enforceable sentence.
¶ 19. We also note our analysis in another recent case. It bridges the divide between the statutory prohibition on giving prior felons suspended sentences and the allowance of it through a plea bargain. A "defendant should not be allowed to reap the benefits of an illegal sentence, which is lighter than what the legal sentence would have been, and then turn around and attack the legality of the illegal, lighter sentence when it serves his interest to do so." Graves v. State, 822 So.2d 1089, 1092 (Miss.Ct.App.2002), cert. granted 829 So.2d 1245 (Miss.2002), writ withdrawn (May 1, 2003). The Supreme Court's dismissal of the writ of certiorari in Graves as improvidently granted may not mean that it accepted the Graves reasoning. At least, though, the Supreme Court was willing to let that analysis remain to the extent it was consistent with its pronouncements in this area of the law. The Graves principle also causes us to uphold the sentence given to Clark in this case.
¶ 20. The question to be answered today is not whether trial judges who give such sentences are violating section 47-7-33. The narrower issue is the defendant's *887 right to challenge such a sentence years later. Our decision affirms the denial of post-conviction relief to a prisoner whose only complaint is that he received an impermissibly lenient sentence and then, by his own subsequent action, squandered the benefit of that undeserved lenience. We do not consider that holding to be a radical departure from existing law. In a related context, the Supreme Court has held that an improperly lenient sentence can not be set aside just because an appellate court notes it sua sponte. See Lester v. State, 744 So.2d 757, 760 (Miss.1999). Illegality and remedy are distinct issues.
¶ 21. If a trial judge ratified a defendant's acceptance of a prosecutor's offer to suspend a sentence even though this is inconsistent with statute, the question at the post-conviction relief stage is whether a defendant is entitled to set it aside for that inconsistency. Graves usefully analyzes the issue in terms of estoppel, and says that the answer is "no."
¶ 22. THE JUDGMENT OF THE DESOTO COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
McMILLIN, C.J., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. KING, P.J., AND THOMAS, J., CONCUR IN RESULT ONLY.