McMILLIN, C. J., for the court.
¶ 1. In this case, the Court deals with yet another permutation of a recurring problem arising when the circuit court, upon sentencing a defendant having a pri- or felony conviction, nevertheless proceeds to suspend all or some part of the mandated period of incarceration.
¶ 2. Johnny Crosby pleaded guilty on July 19, 2001, to an indictment for the sale of cocaine. He was sentenced to ten years in the custody of the Mississippi Department of Corrections; however, the judgment of sentence directed that Crosby serve only the first five years of the sentence and that the final five years be suspended and the defendant be placed on supervised probation for that period.
¶ 3. In a post-conviction relief motion, Crosby sought to have the portion of his sentence calling for five years of supervised probation following his release from confinement removed from the sentence. He contended that because he had been convicted of a prior felony-a fact disclosed to the trial court in his petition to enter a guilty plea-any action purporting to suspend some portion of his confinement period was illegal under the provisions of Section 47-7-33(1) of the Mississippi Code. In relevant part, that code section prohibits the suspension of a sentence “where the defendant has been convicted of a felony on a previous occasion....” Miss.Code Ann. § 47-7-33(1) (Rev.2000).
¶ 4. The trial court denied Crosby any relief on his motion and Crosby perfected an appeal of that ruling to this Court. We affirm.
¶ 5. In Clark v. State, 2002-CP-00855-COA, 858 So.2d 882, 2003 WL 21961968 (Miss.Ct.App.Aug.19, 2003), this Court considered a contention that an offer of a partially-suspended sentence in exchange for a guilty plea given to a defendant who had earlier pled guilty to another felony was an illegal sentence based on his ineligibility under Section 47-7-33(1). This Court, based on its interpretation of Robinson v. State, 836 So.2d 747 (Miss.2002), said “under Robinson we find that if as a result of a plea bargain a prior felon voluntarily accepts an offered suspended sentence and some form of probation, that this becomes by agreement an enforceable sentence.” Clark, 2002-CP-00855-COA at ¶ 18, 858 So.2d at 886. While our decision in Clark v. State has not become final as of the entry of this opinion, we, nevertheless are of the view that, at this time, the decision accurately reflects the applicable law of this state and it is in that sense that we quote it here.
¶ 6. We can find no reasoned basis to distinguish the circumstances of this case from those in Clark and we, therefore, conclude that Crosby’s sentence as entered is enforceable.
*221 ¶7. THE JUDGMENT OF THE CIRCUIT COURT OF COVINGTON COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COVINGTON COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ„ CONCUR.