CHANDLER, J.,
for the Court.
¶ 1. On March 14, 1994, McDaniel Weathersby entered a guilty plea to armed robbery. The court accepted the State’s recommendation and sentenced him to twenty-five years with three years to serve, twenty-two years suspended, five years of supervised probation, and credit for time served. Weathersby’s suspended sentence was revoked on October 11, 1999, because he violated the terms of his probation.
¶ 2. On March 7, 2003, Weathersby filed a motion for post-conviction relief (PCR) in the Circuit Court for the First Judicial District of Hinds County. Weathersby argued that the sentenced imposed in the conviction was illegal because, as a prior felon, Weathersby had been ineligible for a partially suspended sentence. The circuit court dismissed the PCR as a successive writ. We find no error and affirm.
STANDARD OF REVIEW
¶ 3. The trial court may summarily dismiss a PCR “if it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.” Miss.Code Ann. § 99-39-11(2) (Rev.2000). We will affirm the lower court’s summary dismissal of a PCR if the petitioner has failed to demonstrate “ ‘a claim procedurally alive substantially] showing denial of a state or federal right....’” Young v. State, 731 So.2d 1120, 1122(¶ 9) (Miss.1999) (quoting Myers v. State, 583 So.2d 174, 176 (Miss.1991)).
LAW AND ANALYSIS
I. WHETHER THE CIRCUIT COURT ERRED BY DISMISSING WEATHERS-BY’S MOTION FOR POST-CONVICTION RELIEF.
¶4. In its order of dismissal, the circuit court found that, before filing the instant motion, Weathersby had filed two prior PCRs that had been dismissed. Therefore, the court found the instant PCR barred as a successive writ pursuant to Mississippi Code Annotated § 99-39-23(6) (Supp.2004). Weathersby does not challenge the finding that his PCR was a successive writ. Instead, he argues that his claim of an illegal sentence excepted his PCR from any applicable procedural bars. We disagree, as explained below.
¶ 5. Weathersby argues that his partially suspended sentence was illegal because, at the time of his sentencing, he was a prior felon and ineligible for a suspended sentence. Mississippi Code Annotated § 47-7-33(1) (Rev.2004) provides:
When it appears to the satisfaction of any circuit court or county court in the State of Mississippi, having original ju- - risdiction over criminal actions, or to the judge thereof, that the ends of justice and the best interest of the public, as well as the defendant, will be served thereby, such court, in termtime or in vacation, shall have the power, after conviction or a plea of guilty, except in a case where the death sentence or life imprisonment is the maximum penalty which may be imposed or where the defendant has been convicted of a felony on a previous occasion in any court or courts of the United States and of any state or territories thereof, to suspend the imposition or execution of sentence, and place the defendant on probation as *264 herein provided, except that the court shall not suspend the execution of a sentence of imprisonment after the defendant shall have begun to serve such sentence.
Weathersby has submitted the transcript of a sentencing hearing in a 1999 conviction demonstrating that he was convicted in 1991 for armed robbery. Therefore, when the court sentenced Weathersby in 1994, he was a prior felon. As a prior felon, Weathersby was ineligible for a suspended sentence under section 47-7-33(1) and, therefore, the sentence imposed by the trial court was illegal. Pruitt v. State, 846 So.2d 271, 274(¶ 8) (Miss.Ct.App.2002). Weathersby argues that the illegally suspended sentence violated his fundamental right of freedom from an illegal sentence and that his PCR was therefore exempt from any procedural bars. See Ivy v. State, 731 So.2d 601, 603(¶ 13)(Miss.l999) (stating that errors affecting fundamental rights may be excepted from procedural bars that would otherwise prevent their consideration). Weathersby requests that this Court vacate his guilty plea and allow him to proceed to trial.
¶ 6. Our precedent demonstrates the deficiency of Weathersby’s argument. Weathersby’s partially suspended sentence was a more lenient sentence than he was actually entitled to receive as a prior felon. “The law providing that there is a fundamental right to be free from an illegal sentence is interpreted to apply to sentences which cause the defendant to endure an undue burden rather than the luxury of a lesser sentence.” McGleachie v. State, 800 So.2d 561, 563(¶4) (Miss.Ct.App.2001).
Weathersby benefitted from his illegally lenient sentence and, therefore, he was not denied a fundamental right. Thomas v. State, 861 So.2d 371, 374(¶ 9) (Miss.Ct.App.2003). Further, Weathersby received the partially suspended sentence as the result of the trial court's acceptance of his plea bargain with the State. We have held that, “if as a result of a plea bargain a prior felon voluntarily accepts an offered suspended sentence ... this becomes by agreement an enforceable sentence.” Clark v. State, 858 So.2d 882, 886(¶18) (Miss.Ct.App.2003).
¶ 7. Since Weathersby’s illegally lenient sentence did not violate his fundamental right, his PCR was barred as a successive pleading. We also observe that, because Weathersby’s PCR was filed approximately nine years after his armed robbery conviction, the PCR was also barred by the three year limitations period. Miss.Code Ann. § 99-39-5(2) (Supp.2004). The trial court properly dismissed the PCR.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT FOR THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.