909 So.2d 160 (2005)
Reo Laurice COVINGTON, Appellant
v.
STATE Of Mississippi, Appellee.
No. 2004-CP-00232-COA.
Court of Appeals of Mississippi.
August 23, 2005.
*161 Reo Laurice Covington, Appellant, pro se.
Office of the Attorney General by John R. Henry, for Appellee.
Before BRIDGES, P.J., CHANDLER and ISHEE, JJ.
CHANDLER, J., for the Court.
¶ 1. Reo Covington entered a guilty plea for the crime of robbery. The Franklin County Circuit Court asked Covington a series of questions to insure that his guilty plea was voluntary. Covington's responses to the questions indicated that his guilty plea was voluntary. Covington timely filed a post-conviction relief motion, which the circuit court denied. Covington appeals, raising the following issues:
I. WHETHER COVINGTON RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL
II. WHETHER THE EVIDENCE SUPPORTS A CONVICTION OF ROBBERY
III. WHETHER COVINGTON'S BAIL WAS EXCESSIVE
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. On September 24, 2001, Reo Laurice Covington robbed a bank by threatening a bank teller with a bomb. On December 7, 2001, he was indicted for robbery. On February 20, 2002, he entered a guilty plea to this charge. Before accepting the plea, the judge made inquiries to determine whether his plea was voluntary. The judge asked Covington whether he understood the nature of the charge, the consequences of entering a guilty plea, the minimum and maximum sentences, and the right to a jury trial. The judge also advised Covington that he could receive the maximum sentence for the crime. Covington stated that he understood what he was doing and said that no one promised him anything in exchange for his guilty plea. After the circuit court judge was satisfied that Covington's guilty plea was voluntary, he sentenced Covington to the maximum fifteen years' imprisonment, with five years suspended. Covington then filed his motion for post-conviction relief, which was denied on January 16, 2004.

ANALYSIS

I. WHETHER COVINGTON RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL
¶ 4. To pursue a successful claim of ineffective assistance of counsel, Covington must show that his counsel's performance *162 was so deficient as to constitute prejudice, and that but for the counsel's errors the outcome in the trial court would have been different. Stevenson v. State, 798 So.2d 599, 601-02(¶ 5) (Miss.Ct.App.2001). When a defendant challenges his guilty plea on the grounds of ineffective assistance of counsel, he must show that those errors proximately resulted in his guilty plea and that but for counsel's errors he would not have entered the plea. Reynolds v. State, 521 So.2d 914, 918 (Miss. 1988). "Additionally, there is a strong but rebuttable presumption that an attorney's performance falls within a wide range of reasonable professional assistance and that the decisions made by trial counsel are strategic." Stevenson, 798 So.2d at 602(¶ 6) (citing Vielee v. State, 653 So.2d 920, 922 (Miss.1995)).
¶ 5. On September 27, 2001, Covington was appointed an attorney to represent him. On November 28, 2001, Covington was brought before the circuit court, where the judge found that probable cause existed to support a robbery indictment, and that the matter should be reviewed by a grand jury. Covington was informed that the attorney who had been representing him was being removed.
¶ 6. On December 12, 2001, the judge interviewed Covington for purposes of determining whether he should proceed in forma pauperis. The judge found that Covington was indigent at that time and appointed an attorney. The judge also arraigned Covington, and Covington entered a "not guilty" plea to his indictment.
¶ 7. Covington alleges that his new attorney did not contact him until approximately two weeks before the date of trial. He also alleges that this attorney refused to make any motions on his behalf, failed to speak at the sentencing hearing, and refused to pursue a lesser charge. These claims fail because Covington does not claim that these omissions caused him to enter a guilty plea.
¶ 8. Covington alleges that his new attorney spoke to the judge, and the judge informed him that Covington would be imprisoned for at least five years and no more than ten years, with some time suspended. Covington also claims that his attorney instructed him to enter a guilty plea, or he would receive a mandatory fifteen year sentence. These allegations contradict the admissions Covington made in his guilty plea. Covington stated at the hearing that he realized he could receive the maximum fifteen-year sentence, and he also stated that no one promised him anything in exchange for his guilty plea.
¶ 9. This Court reverses a trial court's denial of post-conviction relief only where the trial court's judgment was clearly erroneous. Kirksey v. State, 728 So.2d 565, 567(¶ 8) (Miss.1999). Trial judges are entitled to place great weight upon a defendant's initial plea under oath. Templeton v. State, 725 So.2d 764, 767(¶ 11) (Miss. 1998). Covington provided no evidentiary support for his ineffective assistance claims, other than unsubstantiated allegations. In cases involving post-conviction relief, "where a party offers only his affidavit, then his ineffective assistance claim is without merit." Lindsay v. State, 720 So.2d 182, 184(¶ 6) (Miss.1998).

II. WHETHER THE EVIDENCE SUPPORTS A CONVICTION OF ROBBERY
¶ 10. Covington alleges that the elements of robbery could not have been met based on the facts of the case and evidence. At the sentencing hearing, Covington explained what he did to get arrested for robbery. He walked into the Bank of Franklin and gave the teller a note. The note was misspelled and said, "I am a *163 bum" as opposed to, "I have a bomb." Covington was not actually armed, but the teller felt threatened. After the teller read the note, she asked Covington what he wanted. He gave her a bag and told her to fill it with money.
¶ 11. Covington argues that the misspelling of the note proves that he did not intend to rob the bank, but this argument fails, because there is no purpose in Covington's handing a note to a teller to tell her that he is a bum. Although Covington claims in his brief that he really is a bum, he gives no explanation as to why he would have given a bank teller a note to that effect. Moreover, Covington had the opportunity to clear up any misunderstanding when the teller asked Covington what he wanted.
¶ 12. The indictment charges that Covington did "take in excess of $7,000.00 in cash, the personal property of the Bank of Franklin, from the person of Bess Wallace, in fear of some immediate injury to her person by voicing a threat to explode a bomb." A person is guilty of robbery when he "feloniously take[s] the personal property of another, in his presence or from his person and against his will, by violence to his person or by putting such person in fear of some immediate injury to his person." Miss.Code Ann. § 97-3-73 (Rev.2000). Covington's robbery conviction was supported by the facts.

III. WHETHER COVINGTON'S BAIL WAS EXCESSIVE
¶ 13. Covington's bail was set at $200,000, which Covington claims was excessive. This argument fails, because a guilty plea waives all non-jurisdictional rights or defects. Anderson v. State, 577 So.2d 390, 391 (Miss.1991).
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF FRANKLIN COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FRANKLIN COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.