ISHEE, J.,
for the Court.
¶ 1. After entering guilty pleas to two counts of sale of cocaine, Donald G. Edwards (“Edwards”) was convicted and sentenced to serve two concurrent sentences of thirty years in the custody of the Mississippi Department of Corrections (“MDOC”), with eighteen years suspended and twelve to serve, followed by five years of post-release supervision. Edwards filed a motion for post-conviction relief, which the circuit court subsequently dismissed. Aggrieved by the trial court’s decision, Edwards appeals.
FACTS
¶ 2. Edwards, a prior convicted felon, was indicted for two counts of sale of cocaine by the grand jury of Pontotoc County. Edwards entered pleas of guilty in exchange for a partially suspended sentence, and was subsequently sentenced to serve two concurrent thirty-year sentences in the custody of the MDOC, with eighteen years suspended and twelve left to serve, followed by five years of post-release supervision. Edwards then filed a motion for post-conviction relief, asserting: (1) that his sentence was illegal; (2) that his *544 due process rights were violated because of a flawed indictment; (3) that his right to effective assistance of counsel was violated; and (4) that his guilty plea was involuntary and unknowing. The circuit court dismissed Edwards’s motion for post-conviction relief, and Edwards now appeals pro se asserting the same issues.
STANDARD OF REVIEW
¶ 3. “When reviewing a lower court’s decision to deny a petition for post-conviction relief this Court will not disturb the trial court’s factual findings unless they are found to be clearly erroneous.” Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999). “However, where questions of law are raised the applicable standard of review is de novo.” Id.
ISSUES AND ANALYSIS
I. Whether Edwards’s sentence was illegal
¶ 4. Edwards’s first assertion of error is that his sentence was illegal. Edwards asserts that the sentence was illegal because he was a prior convicted felon and the circuit court impermissibly suspended part of his sentence. Edwards. further asserts that his sentence exceeded the statutory limit.
A. Whether Edwards’s sentence was illegal as a result of the trial court’s partial suspension of the sentence
¶ 5. Mississippi Code Annotated § 47-7-33 (Rev.2004) prohibits granting a suspended sentence to a previously convicted felon. However, “if as a result of a plea bargain a prior felon voluntarily accepts an offered suspended sentence and some form of probation ... this becomes by agreement an enforceable sentence.” Clark v. State, 858 So.2d 882, 886(¶ 18) (Miss.Ct.App.2003). Furthermore, a defendant should not be able to attack a lighter, illegal.sentence which benefits him simply because it serves his interest to do so, when the legal sentence would have been more severe. Id. at (¶ 19). As such, we find this assignment of error to be without merit.
B. Whether Edwards’s sentence exceeded the statutory maximum for sale of cocaine
¶ 6. Edwards asserts that the thirty-year sentence (with eighteen years suspended) plus the five years of post-release supervision combine to equal thirty-five years, exceeding the statutory maximum allowed by Mississippi Code Annotated § 47-7-34 (Rev.2004). Section 47-7-34, which governs post-release supervision, states, in pertinent part, that “the total number of years of incarceration plus the total number of years of post-release supervision shall not exceed the maximum sentence authorized to be imposed by law for the felony committed.” Miss.Code Ann. § 47-7-34 (Rev.2004) (emphasis added). Edwards was convicted for the sale of cocaine under Mississippi Code Annotated § 41-29-139 (Rev.2001), which sets the maximum sentence for sale of a Schedule II controlled substance (such as cocaine) at thirty years in the custody of the MDOC. Edwards was sentenced to thirty years in the custody of the MDOC, with eighteen years suspended, thus only actually leaving a twelve-year sentence to serve. When the five years of post-release supervision are added to the twelve years in which Edwards is to be incarcerated, the total (seventeen years) still falls far short of the statutory maximum of thirty years. Accordingly, we find this assignment of error without merit.
II. Whether Edwards’s due process rights were violated as a result of a flawed indictment
¶ 7. Edwards contends that the indictment was deficient because it failed to *545 list the weight of the cocaine, which Edwards contends is an essential element of the crime of sale of cocaine. Mississippi Code Annotated § 41-29-139 (Rev.2001), the offense of which Edwards was convicted, defines the offense of sale of a Schedule II controlled substance. It states, in pertinent part: “[I]t is unlawful for any person knowingly or intentionally: (1) To sell, barter, transfer, manufacture, distribute, dispense or possess with intent to sell, barter, transfer, manufacture, distribute or dispense, a controlled substance.” Miss. Code. Ann. § 41-29-139 (Rev.2001). As the language of the statute makes clear, a person is guilty of sale of a controlled substance if he “knowingly or intentionally ... sell[s] ... a controlled substance.” Id. Weight is not an element of the crime. Therefore, we find that the indictment sufficiently states the elements of the crime of sale of a controlled substance, and this assignment of error is without merit.
III. Whether Edwards’s received effective assistance of counsel
¶ 8. Edwards next asserts that his trial counsel was unconstitutionally ineffective. The test for ineffective assistance of counsel was set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See also Covington v. State, 909 So.2d 160, 161-62(¶4) (Miss.Ct.App.2005) (discussing Mississippi law on ineffective assistance of counsel). It is Edwards’s burden to “show that his counsel’s performance was so deficient as to constitute prejudice, and that but for the counsel’s errors the outcome in the trial court would have been different.” Covington, 909 So.2d at 161-62(¶ 4). There is also “a strong but rebuttable presumption that an attorney’s performance falls within a wide range of reasonable professional assistance and that the decisions made by trial counsel are strategic.” Id. at 162(¶ 4) (quoting Stevenson v. State, 798 So.2d 599, 602(¶ 6) (Miss.Ct.App.2001)). There is nothing in the record to indicate that Edwards received anything less than effective assistance of counsel at trial. Edwards’s primary argument as to his counsel’s ineffectiveness is that his trial counsel allowed him “to plead guilty to an illegal sentence.” As previously discussed, the partial suspension of Edwards’s sentence served only to benefit him, and as such, he cannot now argue that he was prejudiced by it. Furthermore, as a previously convicted felon, Edwards could potentially have faced more severe sentences. We agree with the trial judge that Edwards has failed to meet his burden of proving ineffective assistance of counsel. Accordingly, this assignment of error is without merit.
IV. Whether Edwards’s guilty plea was knowing and voluntary
¶ 9. Edwards’s argument as to why his plea was not voluntary, knowing, and intelligent is somewhat unclear. He argues that his plea was not voluntary and intelligent because his sentence was illegal, and at that he “had no choice, but to accept the plea as at the time he did not know his sentence was illegal.”
¶ 10. Edwards further argues, citing Boykin v. Alabama, 395 U.S. 238, 239, 241-42, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), that his plea was not voluntary and intelligent because of the court’s failure to promptly ask him if he waived his right to self-incrimination. In Edwards’s guilty plea hearing, the following exchange took place:
BY THE COURT: Before I can accept your pleas of guilty, the law requires that I question you concerning your understanding of the nature of these proceedings, the nature of the charges against you, and the consequences of *546 you entering a plea of guilty to these felony charges.
At any time if I ask you a question and you wish to simply not answer my question, you may decline to answer it. However, I am going to place you under oath shortly, and once I place you under oath, any answer you give me to any question may be used against you in a subsequent proceeding.
Your attorneys will be standing in close proximity to you during this entire proceeding. If at any time I ask you a question and you wish to consult with your attorneys, you may do so. Simply pause, consult with your attorney, and we’ll go back on the record for you to give me an appropriate response. Do each of you understand?
DEFENDANT EDWARDS: Yes, ma’am.
Furthermore, in denying Edwards’s motion for post-conviction relief, the trial judge stated that she “took great efforts to ascertain whether or not [Edwards] was entering a voluntary and knowing plea.” As the record makes .clear, this assignment of error is totally without merit.
1Í11. THE JUDGMENT OF THE CIRCUIT COURT OF PONTOTOC COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PONTOTOC COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., BRIDGES, CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.