590 So.2d 871 (1991)
Hugh William TURNER
v.
STATE of Mississippi.
No. 90-KP-1315.
Supreme Court of Mississippi.
December 11, 1991.
*872 Hugh William Turner, pro se.
Mike C. Moore, Atty. Gen., Jackson, Jack B. Lacy, Jr., Asst. Dist. Atty., Brandon, for appellee.
En Banc.
McRAE, Justice, for the Court:
This appeal from summary denial of post-conviction collateral relief challenges the plea agreement and correctness of sentence imposed by the trial court. After careful review of the pleadings and applicable law, we affirm.

FACTS
On May 10, 1989, Hugh William Turner was indicted in the Circuit Court of Rankin County for possession of more than one kilogram of marijuana with intent to distribute, and recidivism.
On October 31, 1989, Turner executed and filed with the court his sworn petition to enter a plea of guilty to the charge, but not as an habitual offender. The attorney retained for Turner also signed the petition and certified that he had discussed the contents with his client and was satisfied that Turner understood and executed the petition knowingly and voluntarily.
A thorough and extensive plea hearing attended by Turner and his counsel was conducted by the trial court judge. The court accepted Turner's plea and sentenced him to serve a term of thirty (30) years in the custody of the Mississippi Department of Corrections, but not as an habitual offender.
On October 16, 1990, Turner filed his motion for post-conviction collateral relief contending:
(1) That he was indicted under MCA § 41-29-139(a) (intent to sell) and 41-29-139(c)(2)(D) (possession);
(2) That his plea bargain was based on the possession statute which provides for a maximum sentence of twenty (20) years;
(3) That he was informed by counsel that the maximum sentence which would be imposed under the indictment was twenty (20) years and that he would be eligible for earned time towards parole;
(4) That his sentence is in excess of the maximum prescribed by law;
(5) That the statute and his plea bargain agreement require a twenty (20) year sentence; and
(6) That the court should correct the erroneous sentence.
Turner attached to his petition a copy of the indictment and his affidavit stating:
The petitioner entered into a plea bargain agreement in which he was told that he would be given a 20 year sentence which is the maximum called for under the statute which he was indicted and would be sentenced under (XX-XX-XXX(C)(2)(D)) and that he would not be sentenced as an habitual offender if he pled to the indicted charge mentioned above.
The petitioner agreed to the plea bargain in lieu of going to trial as an habitual offender with the presumption that he *873 would be eligable [sic] for parole in approximately six or seven years as suggested by his counsel.
The circuit court judge, pursuant to Miss. Code Ann. § 99-39-11, examined and summarily denied and dismissed the motion. Aggrieved, Turner appeals contending that the summary denial and dismissal by the circuit court of his motion for post-conviction collateral relief was error.

DISCUSSION
Miss. Code Ann. § 99-39-11 (Supp. 1990) provides:
(1) The original motion, together with all the files, records, transcripts and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned.
(2) If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified.
In addition to Turner's motion, with attached affidavits and exhibits, the record includes copies of the following:
(a) The indictment;
(b) Sworn petition of Turner to enter plea of guilty;
(c) Plea transcript; and
(d) Final judgment of conviction.
The heart of Turner's challenge to his judgment of conviction is his assertion that he entered his plea under the advice and belief that the maximum sentence which could be imposed under the indictment was twenty (20) years and, therefore, his sentence is in excess of the maximum prescribed by law, or alternatively, his plea agreement mandates a twenty (20) year sentence.
We have examined the indictment which clearly charges Turner with possession of more than one kilogram of marijuana with intent to distribute and recidivism. Miss. Code Ann. § 41-29-139(a) (1989) and Miss. Code Ann. § 99-19-81 (1989). The maximum sentence which could be imposed under the indictment was thirty (30) years without parole or probation. The plea transcript discloses the following colloquy between the trial court judge and Turner:
MR. HUGH WILLIAM TURNER, HAVING BEEN FIRST DULY SWORN BY THE COURT, WAS EXAMINED AND TESTIFIED UNDER OATH AS FOLLOWS, TO-WIT:
EXAMINATION BY THE COURT:
Q I see here that you have completed twelve years of school and two years of college, is that correct?
A Yes, Your Honor.
Q I am hoping that all that education will let you do a little bit better job than maybe some of the people I see in comprehending and understanding what I am saying and what is going on. I must be satisfied before I accept your plea of guilty that it is free and voluntary, intelligent and factual. In order to do that I am going to ask you a lot of questions. You have heard me ask these other two people that have been up here before you while you sat here and heard their guilty pleas.
A Yes, Your Honor.
Q If you don't understand a question, will you tell me so I can explain it to you in some other way?
A Yes, sir.
Q Will you avail yourself of your opportunity to talk with your lawyer in private anytime you want to throughout this proceeding before you answer a question that you are not sure about?
A Yes, Your Honor.
Q You do understand that you are under oath, and if you tell me anything that is not true, you can be indicted for perjury and that can also be given consideration in the sentence you receive if you get convicted?
A Yes, Your Honor.
* * * * * *
Q You are charged with possession of more than one kilogram of marijuana with intent to distribute. Have you gone over the indictment with your lawyer, Mr. Thompson?
A Yes, Your Honor.

*874 BY THE COURT: Have you gone over the indictment with him, Mr. Thompson?
BY MR. THOMPSON: Yes, sir.
BY THE COURT: What have you told him would have to be proved before he could be convicted of the crime?
BY MR. THOMPSON: The elements basically are the possession of marijuana, more than a kilogram and with an actual intent to distribute it to other people. Those are essential elements. Yes, sir.
BY THE COURT: What are the maximum and minimum penalties?
BY MR. THOMPSON: Thirty years and a million dollar fine and nothing.
BY THE COURT: Any minimum, John?
BY MR. EMFINGER: Is there a minimum fine?
BY MR. THOMPSON: I don't believe the statute refers to that.
Q Do you understand you could get anything up to thirty years and a million-dollar fine?
A Yes, Your Honor.
Q Do you understand that whatever the recommendation of the State may be it is not binding on the Judge?
A Yes, Your Honor, I do.
BY THE COURT: As I understand it, they are recommending that you get thirty years, but not as an habitual offender, is that correct?
BY MR. EMFINGER: That is our recommendation, Your Honor, based upon some of the contingencies that we have discussed.
Q Do you understand that is not binding on the Court, and I could give you thirty years as an habitual offender if I wanted to and felt that was justified?
A Yes, Your Honor.
Q Has anybody led you to believe a more lenient recommendation would be made?
A No, Your Honor.
Q Is that exactly the recommendation you expected to hear?
A Yes, Your Honor.
BY THE COURT: Is that the recommendation you expected, Mr. Thompson, and communicated to your client?
BY MR. THOMPSON: Yes, sir, that was the recommendation.
Q Did you commit this crime?
A Yes, Your Honor.
Q What did you do?
A Picked up some marijuana in El Paso and brought it to Mississippi to distribute.
Q How much was it?
A Eight and half pounds.
The record clearly shows:
(a) The sentence was lawful; and
(b) The claim of a twenty (20) year plea bargain is belied by the plea colloquy between Turner and the trial court judge.
We adhere to the principle that a post-conviction collateral relief petition which meets basic pleading requirements is sufficient to mandate an evidentiary hearing unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Myers v. State, 583 So.2d 174 (Miss. 1991); Harris v. State, 578 So.2d 617, 619 (Miss. 1991); Wright v. State, 577 So.2d 387, 389 (Miss. 1991); Billiot v. State, 515 So.2d 1234, 1237 (Miss. 1987).
In Moore v. Ruth, 556 So.2d 1059, 1061 (Miss. 1990) we held that where a prisoner is proceeding pro se, we take that fact into account and, in our discretion, credit not so well pled allegations.
We have analogized the court's position when faced with a petition meeting pleading requirements with that of a court in a civil procedure considering a motion for summary judgment. Neal v. State, 525 So.2d 1279, 1281 (Miss. 1987); Harris, 578 So.2d at 619; Wright, 577 So.2d at 389; Billiot, 515 So.2d at 1237. There is a distinction however. Our Post-Conviction Collateral Relief Act [Miss. Code Ann. § 99-39-1 et seq. (Supp. 1992)] provides a procedure limited in nature to review those matters which, in practical reality, could not or should not have been raised at trial or on *875 direct appeal. Miss. Code Ann. § 99-39-11 provides that the trial court judge shall examine not only the motion, but also files, records, transcripts, and correspondence relating to the judgment under attack as well as prior proceedings in the case to determine whether movant is entitled to relief. Summary dismissal motions under Miss.R.Civ.P. 12(b)(6) restrict the court to the pleadings. If matters outside the pleadings are considered, the motion is treated as one for summary judgment and disposed of as provided in Miss.R.Civ.P. 56. In this case, the trial court properly considered the prior case proceedings, including the plea transcript which disclosed not only meticulous adherence to Rule 3.03, Mississippi Uniform Criminal Rules of Circuit Court Practice, but also the colloquy between Turner and the trial judge. One of the purposes of Rule 3.03 is to ascertain the voluntary character of the plea. The action of the trial court in summarily dismissing Turner's motion was proper and is affirmed.
LOWER COURT'S DENIAL OF POST-CONVICTION RELIEF AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN and BANKS, JJ., concur.