IN THE SUPREME COURT OF MISSISSIPPI
NO. 95-CT-01168-SCT

*WALTER SKINNER*

*v.*

*STATE OF MISSISSIPPI*

## ON PETITION FOR WRIT OF CERTIORARI

CERTIORARI FILED:10/27/97

| | |
|---|---|
| DATE OF JUDGMENT: | 10/11/95 |
| TRIAL JUDGE: | HON. JOSEPH H. LOPER, JR. |
| COURT FROM WHICH APPEALED: | MONTGOMERY COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | H. LEE BAILEY, JR. |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: W. GLENN WATTS |
| DISTRICT ATTORNEY: | DOUG EVANS |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | PETITION FOR WRIT OF CERTIORARI DENIED - 10/16/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 2/23/98 |

**EN BANC.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1. This matter is before the Court on the petition for writ of certiorari from the decision of the Court of Appeals affirming Walter Skinner's conviction and five year sentence by the Circuit Court of Montgomery County on the charge of escape from the Montgomery County jail. Skinner had been arrested on a charge of aggravated assault and was in custody pending grand jury action. On April 8, 1995 he escaped from the confines of the jail when the jailer opened the door during a disturbance involving another inmate; he was located and returned to jail the same night.

¶2. At trial, Skinner relied on a defense of necessity, urging that he escaped due to the threats of bodily harm and death from other inmates. His appeal was assigned to the Court of Appeals where all

of his several assigned errors were rejected.

¶3. At trial and throughout his appeal Skinner was represented by H. Lee Bailey, Jr. of Winona, who, after the decision of the Court of Appeals was rendered, filed a motion for rehearing. Upon the denial of rehearing, the attorney filed the petition for writ of certiorari which is now before us. That petition of slightly more than one page contains seven lines asserting in the most general way that "there were some points of law or fact Skinner believes the Court of Appeals overlooked or misapprehended," and that "a material injustice has been done to petitioner and substantial justice demands that a Writ of Certiorari should issue."[1] This petition points to no specific errors, cites no authority for any position and ignores the directives of Mississippi Rules of Appellate Procedure. It is of no value to the Court, and, worse, it does positive harm to Bailey's client.

¶4. When the Court of Appeals came into existence in January of 1995, the scheme did not contemplate merely layering in another step in the appellate process. Indeed, under normal circumstances, that court bears the heavy responsibility for final review of trial court decisions. There is no further appellate review available to the litigant except through the exercise by this Court of its discretion to grant certiorari. Miss. Code Ann. § 9-4-3 (2)(Supp. 1997); M.R.A.P. 17(a). Although writs may be issued or denied in any case that this Court finds appropriate, they will ordinarily be granted where the Court of Appeals has rendered a decision in conflict with the decision of this Court, or that court has failed to consider a controlling constitutional provision, or the case, under rules and statutes, should have been decided by this Court in the first instance, or the decision involves a fundamental issue of broad public importance. M.R.A.P. 17(a). A simple request for a general review of the work of the Court of Appeals is not the proper station of a petition for writ of certiorari. The manner of presenting issues for review on certiorari is to be found in M.R.A.P. 17(b). In pertinent part, the rule provides:

> . . . . If a party seeks review in the Supreme Court, a petition for writ of certiorari for review of the decision of the Court of Appeals must be filed in the Supreme Court and served on other parties within fourteen (14) days from the date of entry of judgment by the Court of Appeals on the motion for rehearing. The petition for writ of certiorari may not exceed ten (10) pages in length and *must briefly and succinctly state the precise basis on which the party seeks review by the Supreme Court,* and may include citation of authority in support of that contention. No citation to authority or argument may be incorporated into the petition by reference to another document.

M.R.A.P. 17(b) (emphasis added).

¶5. While we continue to exercise our discretion in relaxing formal requirements of pleading when considering pro se filings, *Ivy v. Merchant*, 666 So. 2d 445, 449 (Miss. 1995); *Turner v. State*, 590 So. 2d 871, 874 (Miss. 1991); *Moore v. Ruth*, 556 So. 2d 1059, 1061 (Miss. 1990), the present petition would be inadequate even under such a standard.

¶6. After the Court of Appeals has decided a case, the litigants have a single opportunity to have this Court address possible errors which are amenable to certiorari review. Our decision to grant or deny certiorari is not subject to rehearing or reconsideration. M.R.A.P. 17(f). This being so, an attorney who files a pro forma petition which fails entirely to raise in any manner issues for consideration and who fails to state the precise basis on which the party seeks review, deprives the client of the one

opportunity to seek relief from this Court. Such practice is unprofessional and is condemned as such. Once a lawyer undertakes to proceed on behalf of his client, competence and diligence are his duty. Competent representation of a client includes inquiry into and analysis of the factual and legal elements of the problem and the use of methods and procedures meeting the standards of a competent practitioner. Miss. R. Prof. Conduct 1.1, 1.3. At the very least, competence and diligence include reading the basic rules of procedure and making a good faith effort to comply with them. While we are not unmindful of the weight of the burden carried by those members of the profession who undertake defense in criminal cases, particularly those serving under court appointment for indigents and as public defenders, the weight of the burden cannot be accepted as justification for practices which hinder litigants in their efforts to seek redress or perceived injustice. The Bar should note that failure to follow the Rules of Appellate Procedure is a violation of M.R.A.P. 2(b) which authorizes the imposition of sanctions, and while none are imposed today, hereafter practitioners who fail to comply with Rule 17 should recognize that they do so at some risk.

¶7. The petition for writ of certiorari is denied. Recognizing that our system of certiorari from the Court of Appeals is in its infancy and that we have not heretofore addressed the present question in an opinion of the Court, we, in the interest of justice in this case, suspend our rules under M.R.A.P. 17(b) and grant to Walter Skinner a period of fourteen days from the date of this decision to file with this Court such further petition for writ of certiorari as may be appropriate under M.R.A.P. 17.

**¶8. PETITION FOR WRIT OF CERTIORARI DENIED; PETITIONER GRANTED FOURTEEN DAYS FROM DATE OF THIS DECISION TO SEEK FURTHER RELIEF AS APPROPRIATE UNDER M.R.A.P. 17.**

**TO DENY: LEE, C.J., PRATHER, P.J., PITTMAN, BANKS, SMITH AND MILLS, JJ., CONCUR. McRAE AND ROBERTS, JJ., CONCUR IN RESULT ONLY.**

**TO GRANT ADDITIONAL OPPORTUNITY FOR PETITIONER TO FILE A PROPER PETITION UNDER M.R.A.P. 17: PRATHER AND SULLIVAN, P.JJ., PITTMAN AND BANKS, JJ., CONCUR.**

1. We observe that the same attorney has filed similar petitions in the past, which, in spite of their deficiencies, the Court considered in the interest of giving the petitioner-client a fair and just review. *See Farmer v. State*, 94-CT-01164-SCT, order entered May 15, 1997; *Hardiman and Holland v. State*, 95-CT-472-SCT, now pending before the Court.