874 So.2d 448 (2004)
Shannon K. HUNT, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-CP-00177-COA.
Court of Appeals of Mississippi.
May 25, 2004.
*449 Shannon K. Hunt, Appellant, pro se.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before KING, C.J., BRIDGES, P.J., and CHANDLER, J.
KING, C.J., for the Court.
¶ 1. Shannon Hunt, pro se, appeals the dismissal of his request for post-conviction relief by the Montgomery County Circuit Court. Hunt asserts the following issues on appeal, which we quote verbatim:
I. Whether the trial court erred in giving the appellant post-release supervision after his release from confinement.
*450 II. Whether the trial court erred in applying the MCA § 47-7-33 and § 47-7-34.
III. That the trial court's erred in not citing any case authority or cases law in denying post-conviction motion without an evidentiary hearing.
Finding no error, we affirm.

FACTS
¶ 2. On April 5, 2002, Shannon Hunt pled guilty in the Circuit Court of Montgomery County to a charge of possession of precursors in violation of Mississippi Code Annotated Section 41-29-313. Hunt was sentenced to ten years in the custody of the Mississippi Department of Corrections with the last five years to be served on post-release supervision.
¶ 3. On January 14, 2003, Hunt filed a motion for post-conviction relief in the Montgomery County Circuit Court. In his motion Hunt contended that as a convicted felon he was not eligible to receive post-release supervision; therefore, the trial court erred in requiring that he serve the last five years of his sentence on post-release supervision. On January 16, 2003, the trial judge found Hunt's motion to be without merit and dismissed it without conducting an evidentiary hearing.

ISSUE AND ANALYSIS
Whether the trial court erred in giving the appellant post-release supervision after his release from confinement.
¶ 4. We look to our familiar standard of review for a trial court's denial of post-conviction relief. "When reviewing a lower court's decision to deny a petition for post conviction relief this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard of review is de novo." Pace v. State, 770 So.2d 1052, 1053(¶ 4) (Miss.Ct.App.2000) (citations omitted).
¶ 5. Hunt contends that he is ineligible for post-release supervision as a convicted felon pursuant to Mississippi Code Annotated Section 47-7-33(1) which states in part:
such court, in termtime or in vacation, shall have the power, after conviction or a plea of guilty, except in a case where a death sentence or life imprisonment is the maximum penalty which may be imposed or where the defendant has been convicted of a felony on a previous occasion in any court or courts of the United States and of any state or territories thereof, to suspend the imposition or execution of sentence, and place the defendant on probation as herein provided[.]...
(emphasis added).
¶ 6. While Hunt is correct in asserting that convicted felons are ineligible for a suspended sentence, his point is of no help to his case because he did not receive a suspended sentence under Mississippi Code Annotated Section 47-7-33. The transcript reveals:
BY MR. BLECK (A.D.A.): Yes, your honor, the State would recommend a sentence of ten years in the custody of the Mississippi Department of Corrections. After the defendant has served five years, to be released on post-release supervision, to pay all court costs, fees, assessments, $125 lab fee to the Jackson lab and a $500 fine.
. . .
BY THE COURT: I sentence you to ten years with the Mississippi Department of Corrections. I suspendI don't suspend it. After you serve five years of that sentence, I order that *451 you be placed on post-release supervision for a period of five years, provided at that time that you have abided by the rules and regulations of the Mississippi Department of Corrections. Order you to pay a $500 fine and costs, which costs including a $125 lab fee to the crime lab in Jackson. Order that all these amounts be paid within a year of your release from incarceration. Did you read Paragraph 15 of the petition, which are the terms and conditions of your post-release supervision?
(emphasis added).
¶ 7. Hunt has confused Mississippi Code Annotated Section 47-7-33 with Mississippi Code Annotated Section 47-7-34(1), which is the provision for post-release supervision. Under Mississippi Code Annotated Section 47-7-34(1) convicted felons are eligible to receive post-release supervision. Mississippi Code Annotated Section 47-7-34(1) states in relevant part:
(1) When a court imposes a sentence upon a conviction for any felony committed after June 30, 1995, the court, in addition to any other punishment imposed if the other punishment includes a term of incarceration in a state or local correctional facility, may impose a term of post-release supervision. However, the total number of years of incarceration plus the total number of years of post-release supervision shall not exceed the maximum sentence authorized to be imposed by law for the felony committed. The defendant shall be placed under post-release supervision upon release from the term of incarceration. The period of supervision shall be established by the court.
In Carter v. State the Mississippi Supreme Court held, "[M]iss.Code Ann. § 47-7-34 created the post-release supervision program which provides for a term of post-release supervision in addition to any term of incarceration imposed upon those already convicted of a felony." Carter v. State, 754 So.2d 1207, 1208(¶ 4) (Miss. 2000). "The program creates a split-sentencing option for repeat offenders." Id. Post-release supervision is an alternative to probation designed specifically for felons, and as such we find no merit to Hunt's contention that as a convicted felon he was ineligible for post-release supervision. Gaston v. State, 817 So.2d 613, 619 (¶ 20) (Miss.Ct.App.2002).
¶ 8. While the actual sentencing order was not made a part of the appellate record, this Court does have the benefit of the sentencing transcript. A careful reading of that transcript clearly indicated that the trial court sentenced Hunt to five years of actual incarceration followed by five years of post release supervision, with no portion of his sentence suspended.
¶ 9. Accordingly, we find no merit to this issue, and we affirm Hunt's sentence.

II.
Whether the trial court erred in applying the MCA § 47-7-33 and 47-7-34.
¶ 10. The discussion of issue I. renders issue II. moot.

III.
That the trial court's erred in not citing any case authority or cases law in denying post-conviction motion without an evidentiary hearing.
¶ 11. Hunt contends that he should have been granted an evidentiary hearing "to see if the lower's [sic] court improperly applied the law." Hunt argues that the court's denial of his motion by finding it to be "without merit" was "not enough" to deny his motion, since no caselaw or authority was cited.
*452 ¶ 12. An evidentiary hearing is not required where the allegations in the post-conviction relief motion are specific and conclusive. Davis v. State, 743 So.2d 326, 352 (¶ 83) (Miss.1999). The citation to caselaw, and other appropriate authority, while strongly encouraged as it aids in the appellate process, is not required. "The reason the law encourages trial courts to issue findings of fact and conclusions of law pertains to the facilitation of the appellate process." Culbert v. State, 800 So.2d 546, 550(¶ 8) (Miss.Ct.App.2001). "Without such procedures, the trial record would be blank, leaving this Court to speculate as to the factual foundations of the appeal." Id. The statute relating to post-conviction relief includes the following provision:
If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified.
Miss.Code Ann. § 99-39-11(2) (Rev.2000).
¶ 13. Under this statute dismissal is appropriate where "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Culbert, 800 So.2d at (¶ 9), citing Turner v. State, 590 So.2d 871, 874 (Miss.1991). "Furthermore, where the trial court summarily dismisses the post-conviction relief claim, it does not have an obligation to render factual findings and this Court will assume that the issue was decided consistent with the judgment and ... will not be disturbed on appeal unless manifestly wrong or clearly erroneous." Culbert v. State, 800 So.2d at (¶ 9) (citations omitted).
¶ 14. We find that the trial court's dismissal is consistent with the evidence and testimony presented in the record. Accordingly, we find this issue to be without merit.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF MONTGOMERY COUNTY DENYING POST-CONVICTION RELIEF IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO MONTGOMERY COUNTY.
BRIDGES, P.J., THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. SOUTHWICK, P.J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY IRVING AND GRIFFIS, JJ.
SOUTHWICK, P.J., concurring.
¶ 16. I write separately because of a matter of recurring relevance and, at least to this judge, confusion regarding the sentencing of recidivistic felons. The majority appears correct in its interpretation of section 47-7-34 of the Mississippi Code. Why that section should be read to permit a term of post-release supervision for prior felons, despite another statute's prohibition on suspended sentences and probation for the same defendants, is what I will review.
¶ 17. This Court has at times thoughtfully addressed the issues that often are raised in post-conviction relief proceedings because of allegedly illegal granting of probation to convicted felons. See Graves v. State, 822 So.2d 1089, 1092 (Miss.Ct.App. 2002) (Irving, J., for the Court), cert. granted, 829 So.2d 1245 (Miss.2002), writ withdrawn (May 1, 2003). There was also an attempt at careful review by this author in a later opinion, but section 47-7-34 was not analyzed. Clark v. State, 858 So.2d 882 (Miss.Ct.App.2003) (Southwick, P.J., for the Court). Section 47-7-34 will be analyzed now, in light of the precedents *453 that the majority in the present case highlighted.
¶ 18. To put section 47-7-34 in context, it is necessary to examine the separate statute that prevents suspending sentences and granting probation to previously convicted felons:
When it appears ... that the ends of justice and the best interest of the public, as well as the defendant, will be served thereby, such court, in termtime or in vacation, shall have the power, after conviction or a plea of guilty, except in a case where a death sentence or life imprisonment is the maximum penalty which may be imposed or where the defendant has been convicted of a felony on a previous occasion in any court or courts of the United States and of any state or territories thereof, to suspend the imposition or execution of sentence, and place the defendant on probation as herein provided, except that the court shall not suspend the execution of a sentence of imprisonment after the defendant shall have begun to serve such sentence. In placing any defendant on probation, the court, or judge, shall direct that such defendant be under the supervision of the Department of Corrections.
Miss.Code Ann. § 47-7-33(1) (Rev.2000) (emphasis added).
¶ 19. For prior felons, this statute bars granting probation; it bars suspending sentences; and it bars the two acts in combination. Clark, 858 So.2d at 884-87. The analysis is not repeated here. For first-time felons, this statute gives a trial judge power to suspend "imposition," that is, to give no sentence at all and place the defendant on probation; or to sentence but to suspend "execution," i.e., the commencement of the felon's incarceration. The statute does not by specific language permit the suspension of part of a sentence. It might be thought that the more grammatically sound reading is that the statute is authorizing only the suspension of the entire sentence. Seen in that light, the legislature's rejection of suspension for those with prior felony convictions is a requirement that such a person must actually be sentenced and must serve some prison time. Parole and other tools of discretion would have then been available to prison authorities. It was only a little more than a decade ago that the Supreme Court found that the statute permitted a partial suspension of sentence. Moore v. State, 585 So.2d 738, 740 (Miss.1991). If this was not what the legislature desired, that branch of government had the authority to pass new legislation. Regardless of motive, new legislation was passed in 1995 and we must interpret its impact on prior felons.
¶ 20. The section 47-7-33 bar on suspended sentences and probation for previously convicted felons has existed since 1956. 1956 Miss. Laws ch. 262, § 10. The different statute, section 47-7-34, that the majority employs to allow post-release supervision without formal statutory probation was adopted only in 1995. It was part of a multi-provision bill intended "to provide more effective protection of society by phasing out parole and good time; to require an inmate to serve at least 85% of a sentence; ... to provide that courts may impose a term of post-release supervision," and to accomplish much else. 1995 Miss. Laws ch. 596, caption & This is the statute:
Post-release supervision; imposition by court; restrictions; termination
(1) When a court imposes a sentence upon a conviction for any felony committed after June 30, 1995, the court, in addition to any other punishment imposed if the other punishment includes a term of incarceration in a state or local *454 correctional facility, may impose a term of post-release supervision. However, the total number of years of incarceration plus the total number of years of post-release supervision shall not exceed the maximum sentence authorized to be imposed by law for the felony committed. The defendant shall be placed under post-release supervision upon release from the term of incarceration. The period of supervision shall be established by the court.
(2) The period of post-release supervision shall be conducted in the same manner as a like period of supervised probation, including a requirement that the defendant shall abide by any terms and conditions as the court may establish. Failure to successfully abide by the terms and conditions shall be grounds to terminate the period of post-release supervision and to recommit the defendant to the correctional facility from which he was previously released. Procedures for termination and recommitment shall be conducted in the same manner as procedures for the revocation of probation and imposition of a suspended sentence.
(3) Post-release supervision programs shall be operated through the probation and parole unit of the Division of Community Corrections of the department. The maximum amount of time that the Mississippi Department of Corrections may supervise an offender on the post-release supervision program is five (5) years.
Miss.Code Ann. § 47-7-34 (Supp.2003).
¶ 21. This statute creates the status of "post-release supervision." There must first be a sentence that includes "a term of incarceration in a state or local correctional facility"; after that term ends, a "term of post-release supervision" may begin. Miss.Code Ann. § 47-7-34(1). The total number of years of incarceration plus the total number of years of post-release supervision may not exceed the maximum sentence authorized to be imposed by law for the felony committed. Id. The statute does not mention, and therefore does not by its own terms authorize, suspension of a sentence. As will be shown, there appears to be no purpose under that statute for a sentence suspension.
¶ 22. Post-release supervision status has almost no practical differences with probation. That can be seen in part by the fact that at the same time that section 47-7-34 was adopted, another statute was amended to make the conditions of probation also apply to post-release supervision:
Permissible conditions of probation or post-release supervision.
The courts referred to in Section 47-7-33 or 47-7-34 shall determine the terms and conditions of probation or post-release supervision and may alter or modify, at any time during the period of probation or post-release supervision the conditions and may include among them the following or any other:
[various optional provisions are then stated].
1995 Miss. Laws ch. 596, § 10, codified as Miss.Code Ann. § 47-7-35 (Rev.2000) (italicized language was added in the 1995 amendment).
¶ 23. The same 1995 Act that created the status of post-release supervision and provided that the conditions would be the same as for probation, also made identical the effect of violating one of those conditions. A new sentence was added to the end of the section that had long provided the means for revoking probation, and now made those provisions apply to the new status:
The arrest, revocation and recommitment procedures of this section also apply to persons who are serving a period *455 of post-release supervision imposed by the court.
1995 Miss. Laws ch. 596, § 11, codified as Miss.Code Ann. § 47-7-37 (Rev.2000). Among those procedures is that when either a probationer or someone under post-release supervision has that status revoked, the circuit judge "may cause the sentence imposed to be executed or may impose any part of the sentence which have been imposed at the time of the conviction." Id.
¶ 24. An example reveals that semantics is about the only distinction available here. Assume a felon could be sentenced to twenty years' imprisonment. The circuit judge wants to provide ten years of incarceration. Regardless of whether the felon is given a sixteen year sentence with six years suspended during a five year probationary period, or instead receives a ten year term of incarceration followed by five years of post-release supervision, the revocation of either probation or supervision could cause the entire twenty years then to be imposed, less the period already served.
¶ 25. Additional similarities are that the period of probation and the period of post-release supervision are each capped at five years. Miss.Code Ann. § 47-7-37 (probation); Miss.Code Ann. § 47-7-34(3) (post-release supervision). Finally, the oversight during the post-release period is by the probation and parole unit of the Division of Community Corrections of the state Department of Corrections, the same office that oversees probation. Miss.Code Ann. § 47-7-34(3).
¶ 26. The only differences that I perceive are these. (1) No suspended sentence should be given with post-release supervision, but the suspension of all or part of a sentence is the prerequisite for probation. (2) There must be a term of incarceration prior to post-release supervision, but all of a sentence may be suspended prior to probation. (3) The total of the sentence to serve and the term of post-release supervision cannot exceed the maximum for the crime, while the term of probation, when added to the sentence to be served, can exceed the maximum for the crime. Cf. Miss.Code Ann. § 47-7-34(1), with Carter v. State, 754 So.2d 1207, 1209 (Miss.2000).
¶ 27. The issue for us is whether this new status of post-release supervision is available for those previously convicted of felonies. Section 47-7-34 applies to sentencing for "any felony committed after June 30, 1995," but it does not explicitly apply to prior convicted felons who commit new felonies. The legislature in 1995 when it adopted the status of post-release supervision created a system that operated almost identically to probation. Since prior felons cannot receive probation, should that be broadly interpreted to bar receipt of something that looks like probation, acts like probation, and in most respects sounds like probation? For all the similarities, the Supreme Court has found that section 47-7-34 "post-release supervision" is a separate status uncontrolled by section 47-7-33 on suspended sentences and probation. Carter, 754 So.2d at 1209. Carter, though, was a first time offender. Id. at 1207. We have held that section 47-7-34 can be used for prior convicted felons. Gaston v. State, 817 So.2d 613, 619 (Miss. Ct.App.2002).
¶ 28. I conclude that "post-release supervision" is not "probation" as defined by the Mississippi Code. The statutory bar to giving probation to those previously convicted of felonies is quite technically only applicable to the "probation" as formally labeled in these statutes. I am reminded of the saying: "if it walks like a duck, swims like a duck, and quacks like a duck, then it probably is a duck." That is not, *456 though, a controlling maxim of statutory interpretation. A legislature is not bound by the dictionary. Mississippi State Tax Com'n v. Moselle Fuel Co., 568 So.2d 720 (Miss.1990). It may give any meaning and label to words even if not logical so long as the effect is intelligible. It may label certain rules as "ducks" and separate rules as "wild swimming birds with broad, flat bills and short legs," and then require different use of each rule. If the legislature is clear as to the differences in application of the rules, the distinctions must be followed.
¶ 29. In conclusion, section 47-7-33 bars suspended sentences and "probation" to those previously convicted of felonies. No statute bars "post-release supervision" to those previously convicted of felonies. Such supervision involves neither a suspended sentence nor probation. To make this sentencing option unavailable to those previously convicted of felonies is to create a bar without having a statutory basis on which to do so. The requirement that some period of incarceration must precede the term of post-release supervision is an important directive and may have been the legislative justification for allowing the new status to apply to prior felons. Our Gaston opinion, which simply is today being applied by the majority to similar facts, was correct.
¶ 30. A previously mentioned opinion of this Court addressed why 47-7-33 did not permit either the suspending of sentences or the granting of probation to prior felons. Clark, 858 So.2d at 882. Section 47-7-34 permits something similar if the right words are used and the wrong words avoided. This is what is required: a specific term of incarceration, no suspended sentence or "probation," and a specific term of post-release supervision of up to five years after incarceration, provided that the total of the two terms does not exceed the maximum sentence for the crime.
¶ 31. The sentencing order for Shannon Hunt is not in the record. It is an appellant's duty to provide the appellate record needed to support the claims of error. King v. State, 857 So.2d 702, 715 (Miss. 2003). The majority has quoted the relevant portions of the sentencing hearing, a transcript of which is in the record. The circuit judge clearly was aware that he must not suspend any part of Hunt's sentence under section 47-7-34. I will not assume error. I agree with the majority that based on what is in the record, Hunt received a term of five years' incarceration, followed by five years of post-release supervision. That is a valid sentence for this prior convicted felon.
IRVING AND GRIFFIS, JJ., JOIN THIS SEPARATE WRITTEN OPINION.