924 So.2d 527 (2004)
Johnny Lee JOHNSON, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-KP-00487-COA.
Court of Appeals of Mississippi.
July 13, 2004.
Rehearing Denied November 1, 2005.
*528 Johnny Johnson, Pro Se.
Office of the Attorney General by Scott Stuart, attorney for appellee.
Before SOUTHWICK, P.J., IRVING and GRIFFIS, JJ.
SOUTHWICK, P.J., for the Court.
¶ 1. On its own motion, this Court withdraws its former opinion in this appeal and substitutes the following. A Jefferson Davis County jury convicted Johnny Johnson of selling cocaine. On appeal, he claims that the imposition of a consecutive sentence on the eve of his completing a sentence on another crime was vindictive, harsh, and disproportionate, and that he was denied due process of law. We find no error and affirm.[1]

FACTS
¶ 2. In 1999, Johnny Johnson was arrested for the sale of 0.1 gram of cocaine. He was indicted in July 2000. Prior to that indictment, Johnson had been convicted in March 2000, for a different sale of controlled substances. He had been sentenced to fifteen years, four to serve and eleven years suspended, with the suspension subject to the rules for post-release supervision.
*529 ¶ 3. In February 2003, Johnson was tried for the 1999 drug sale. He was convicted and sentenced to fifteen years imprisonment, with eight years suspended and post-release supervision for five years. This sentence was consecutive to the one that Johnson was already serving. Johnson appeals.

DISCUSSION

1. Vindictive, harsh sentence
¶ 4. The trial judge has broad discretion in sentencing an offender. Davis v. State, 724 So.2d 342, 344 (Miss. 1998). The decision of the trial judge will not be disturbed as long as it does not exceed the maximum statutory period. Stromas v. State, 618 So.2d 116, 122 (Miss. 1993). Here, the applicable statute provides for a maximum of thirty years imprisonment and a maximum million dollar fine. Miss.Code Ann. § 41-29-139(b)(1) (Supp.2001). During the sentencing hearing, the judge reviewed Johnson's prior criminal record and entered orders of nolle prosequi on two other charges. Johnson was sentenced to a term of fifteen years, with seven years to serve and eight years suspended. This sentence was well within the statutory range and was not excessive.

2. Consecutive sentence
¶ 5. Johnson claims that the imposition of a consecutive sentence on the eve of completion of his initial sentence constitutes a denial of due process. The argument is that the imposition of sentence deprived him of earned release, or "good time" credits. The management of rehabilitation falls within the authority of the Mississippi Department of Corrections. Lattimore v. Sparkman, 858 So.2d 936, 938 (Miss.Ct.App.2003). The sentence in this case would not affect such credits.

3. Disproportionate sentence and improper suspension
¶ 6. Johnson claims that his sentence is disproportionate when aggregated with his prior sentence. The statutory sentencing limits were not exceeded. Proportionality analysis is not invoked simply when a trial judge gives an arguably lengthy sentence. Eighth Amendment review is necessary only if a sentence is "grossly disproportional" to the crime. Harmelin v. Michigan, 501 U.S. 957, 965, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), applied in Hoops v. State, 681 So.2d 521, 538 (Miss.1996). Perhaps grossness is in the eye of the beholder, but we see no excessiveness here so as to require further evaluation.
¶ 7. Johnson was sentenced to fifteen years, with eight years "suspended pursuant and in conformity with the Post-Release Supervision set out and authorized in Section 47-7-34" of the Mississippi Code. Listed as one of the conditions is that supervision would last for five years. The sentence Johnson argues that this sentence is illegal because previously convicted felons may not receive suspended sentences. The referenced statute states this:
(1) When a court imposes a sentence upon a conviction for any felony committed after June 30, 1995, the court, in addition to any other punishment imposed if the other punishment includes a term of incarceration in a state or local correctional facility, may impose a term of post-release supervision. However, the total number of years of incarceration plus the total number of years of post-release supervision shall not exceed the maximum sentence authorized to be imposed by law for the felony committed. The defendant shall be placed under post-release supervision upon release from the term of incarceration. *530 The period of supervision shall be established by the court. [Subpart (3) of the statute limits supervision to five years.]
Miss.Code Ann. § 47-7-34 (Supp.2003).
¶ 8. This statute permits the giving of post-release supervision to a prior felon. Gaston v. State, 817 So.2d 613, 619 (Miss. Ct.App.2002). It contains no language permitting the suspension of a sentence; a different statute prohibits sentence suspension for prior felons. Miss.Code Ann. § 47-7-33(1) (Rev.2000); Hunt v. State, 874 So.2d 448, 450-51 (Miss.Ct.App.2004); see also 874 So.2d at 453-54 (Southwick, P.J., concurring). A section 47-7-34 sentence requires "a specific term of incarceration, no suspended sentence or `probation,' and a specific term of post-release supervision of up to five years after incarceration, provided that the total of the two terms does not exceed the maximum sentence for the crime." Id. at 456. Post-release supervision might be seen as a merger of the purposes of suspension and probation, since the term of supervision must come out of the unserved portion of the maximum prison term for the offense.
¶ 9. Johnson had eight years of a fifteen year sentence suspended. As noted above, since the statute that permits post-release supervision does not contain language authorizing suspending sentences, and another statute bars suspension of sentences to prior felons, no suspension should be given. However, there is no practical difference between what the trial judge did and what he should have done, which would have been to sentence Johnson to a seven year term of incarceration and a five year term of post-release supervision. We modify the sentence only to the extent that we remove as surplusage the giving of a fifteen year sentence with eight years suspended. In all other respects the sentence is affirmed, such that Johnson is to serve a term of incarceration of seven years in the custody of the Mississippi Department of Corrections, and then has a five year term of post-release supervision under the provisions of section 47-7-34.
¶ 10. The Supreme Court has recently even suggested that there may be two different modes in which post-release supervision can be served. One is under the supervision of the Mississippi Department of Corrections, limited to five years. The statute may also permit unsupervised post-release supervision for additional periods so long as the total of the term to serve, the term of supervised supervision, and the term of unsupervised supervision does not exceed the maximum sentence for the offense. Miller v. State, 875 So.2d 194, 199 (Miss.2004), interpreting Miss.Code Ann. § 47-7-34(3) (Supp.2003). In Miller that conclusion was dicta. Later decisions are needed to make the interpretation of post-release supervision more certain.
¶ 11. No purpose exists to reverse simply because the sentencing order refers to the suspension of part of a sentence. Indeed, Miller suggests that the Supreme Court is interpreting post-release supervision in a manner that may ultimately require adjustments in what this Court has announced in its precedents. The certiorari process in this case is available. Moreover, should revocation of Johnson's post-release supervision someday be sought, the trial judge will be obligated to apply then-controlling law. The sentence as we have modified it is affirmed.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF JEFFERSON DAVIS COUNTY OF CONVICTION OF SALE OF COCAINE IS AFFIRMED. THE SENTENCE IS MODIFIED TO A TERM OF SEVEN YEARS OF INCARCERATION IN THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND A TERM OF FIVE YEARS ON POST-RELEASE SUPERVISION, AND IS AFFIRMED *531 AS MODIFIED. SENTENCE IS TO RUN CONSECUTIVELY TO THE SENTENCE DEFENDANT IS NOW SERVING. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JEFFERSON DAVIS COUNTY.
KING, C.J., BRIDGES, P.J., LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.
NOTES
[1] This Court initially released an opinion in this appeal on June 22, 2004. A mistake in the reading of the sentencing order was then noticed, and this Court on its own motion withdrew its opinion on June 23. An appellate court has inherent authority to correct error in its judgments. However far that authority reaches, it at least permits correction even of non-clerical error immediately after the release of an opinion. See Mississippi Bar v. Logan, 726 So.2d 170, 179 (Miss. 1998) (Supreme Court sua sponte withdrew its original opinion and issued a substituted opinion and mandate); Harris v. State, 704 So.2d 1286, 1287-88 (Miss.1997) (Supreme Court noted that this Court had in another case withdrawn an opinion on its own motion); Bynum v. State, 222 Miss. 632, 642, 76 So.2d 821, 825 (1955) ("every court of record has the inherent power not derived from statute to correct its own judgment").