MYERS, J.,
for the Court.
¶ 1. On January 22, 2002, Justin Lenard Spencer pled guilty to robbery with a deadly weapon and was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections. Also on January 22, 2002, Spencer pled guilty to accessory after the fact to grand larceny and was sentenced to serve five years in the custody of the Mississippi Department of Corrections. These two sentences were ordered to run concurrently. On January 26, 2004, Spencer filed a motion for post-conviction collateral relief. The motion was denied by the Circuit Court of Calhoun County, and Spencer now appeals that ruling.
¶ 2. While Spencer stated two issues in his appellate brief, in reality he argues one essential issue. Thus, we have recast the two issues stated in his brief into the following single issue:
I. DID THE TRIAL COURT ERR IN DENYING SPENCER’S MOTION FOR POST-CONVICTION COLLATERAL RELIEF?
Finding no reversible error, we affirm the trial court’s ruling.
FACTS
¶ 3. The facts underlying Spencer’s conviction showed that he and a friend broke into the home of two elderly ladies and robbed them at gun point. Spencer admitted to being under the influence of cocaine at the time of the robbery. After rejecting a generous plea offer from the State, Spencer entered a blind plea of guilty. After thoroughly examining Spencer to ensure that Spencer’s guilty plea was knowing and voluntary, the judge heard other testimony concerning possible mitigating circumstances. Several of Spencer’s family and friends testified that they believed him to be truly sorry for what he had done and ready to live a changed life. In light of the trial judge’s ultimate ruling, the following testimony given by Spencer at *355 the plea hearing appears to have been very significant:
Mr. Howe: Justin, you’ve entered a plea of guilty this morning to robbery with a deadly weapon; is that correct?
Spencer: Yes, sir.
Mr. Howe: Did you commit that crime?
Spencer: Yes, sir.
Mr. Howe: Are you willing to take responsibility for that crime this morning?
Spencer: Yes, sir.
¶4. The crime referred to in the testimony quoted above was described in some detail, and this testimony appears to have weighed heavily in the trial judge’s ruling. After hearing this testimony and the rest of the testimony presented, the trial judge declared that breaking into another’s home and committing armed robbery in this manner is far too serious to take lightly, even though the perpetrator of the crime may have since repented. The sanctity of the victims’ home had been violated in such a way that the victims’ sense of peace and safety in their own home had been marred irreparably. The trial judge also noted that he was bound to dispense justice fairly and evenly, without regard to sentiment, and, therefore, he imposed concurrent sentences of twenty years for armed robbery and five years for grand larceny. The offer from the State that Spencer rejected would have recommended a sentence of twenty-five years with thirteen years suspended. Thus, Spencer’s blind plea yielded the opposite result than the one he apparently hoped for.
¶ 5. Sometime after his incarceration, Spencer wrote a letter to the trial judge asking him to reduce some of the sentence. The record does not clearly show whether the judge replied to this letter. In the letter Spencer stressed that he was not intending to move for post-conviction relief through the letter; rather, he was writing a “letter of hope” that the judge would consider suspending some of his sentence. Later, on January 26, 2004, Spencer filed an actual “motion for post-conviction collateral relief.” The judge denied the motion, and Spencer perfected this appeal.
LEGAL ANALYSIS
DID THE TRIAL COURT ERR IN DENYING SPENCER’S MOTION FOR POST-CONVICTION COLLATERAL RELIEF?
¶ 6. Spencer argues that the trial court incorrectly concluded that the “letter of hope” sent by Spencer was in fact a motion for post-conviction relief. Spencer also argues that he was not notified that the relief requested in the letter was denied. Based upon these arguments, Spencer contends that the trial court erred in concluding that his actual motion for post-conviction relief, filed on January 26, 2004, was barred as successive. He argues that since the “letter of hope” was not in fact a motion for post-conviction relief, we should reverse the trial court’s denial of his “true” motion for post-conviction relief, filed on January 26, 2004. The State argues that the order denying Spencer’s motion for post-conviction relief indicates that the trial judge considered the merits of the January 26, 2004 motion, and that in any event, the motion was properly denied even if the trial court based its denial on the wrong reason.
STANDARD OF REVIEW
¶ 7. We review the denial of a motion for post-conviction relief in order to determine if the trial court’s decision was clearly erroneous. Chancellor v. State, 809 So.2d 700, 701(¶ 5) (Miss.Ct.App.2001) (citing Kirksey v. State, 728 So.2d 565, 567(¶ 8) (Miss.1999)).
*356 DISCUSSION
¶ 8. The order denying Spencer’s motion for post-conviction relief appears, upon first glance, to deny the motion as an impermissible successive attempt to obtain post-conviction relief. However, a closer reading reveals that the trial court denied the motion for at least three reasons.
¶ 9. One reason offered, as noted above, is that the motion was an impermissible successive attempt to obtain post-conviction relief. While we find that Ragland v. State, 586 So.2d 170 (Miss.1991), cited by Spencer, does not stand for the proposition that a mere “letter of hope” is not a motion for post-conviction relief, we do agree with Spencer’s contention that his “letter of hope” was not a motion for post-conviction relief. In addition, we find that if the letter was considered to be a motion for post-conviction relief, nothing in the record indicates that it was denied or that Spencer had notice of any denial.
¶ 10. Yet, notwithstanding the trial court’s incorrect classification of Spencer’s motion as impermissibly successive, the other two reasons given in the order denying the motion are valid. These other two reasons will now be examined in turn.
¶ 11. First, the order declares that Spencer requested relief that was “barred.” This statement in the order appears to be a reference to Mississippi Code Annotated § 99-39-21(1) (Supp. 2003). That statute provides that matters that could have been brought before the court at trial or on direct appeal are considered waived, and the court does not have to consider them when brought up for the first time in a motion for post-conviction relief. Miss.Code Ann. § 99-39-21(1) (Supp.2003); Henley v. State, 749 So.2d 246, 249(¶11) (Miss.Ct.App.1999). The record reflects that Spencer pursued no direct appeal from his conviction nor did Spencer challenge at the plea hearing any aspects of his conviction. On the contrary, as the record excerpt quoted above demonstrates, Spencer openly admitted his guilt and his willingness to take responsibility for the crime he had committed. After a strategic gamble that failed, Spencer seeks to come back now and recapture a lesser sentence like the one he turned down in favor of taking that strategic gamble. Under § 99-39-21(1), Spencer may not seek to do this without having first raised the issue at trial or pursued a direct appeal. The apparent reference to § 99-39-21(1), therefore, constitutes a valid reason for denying Spencer’s motion for post-conviction relief, and we can find no clear error in denying Spencer’s motion on that basis.
¶ 12. Second, the order states, “After reviewing the document filed by the Petitioner, as well as the court file in this case, and considering all matters in a light most favorable to the Petitioner, the Court is of the opinion that the Petitioner is not entitled to the requested relief.” This statement indicates that the trial court did in fact consider the merits of Spencer’s motion, in that the court declares it has reviewed “the document filed by the Petitioner, as well as the court file in this case.” In addition, this statement appears to be a reference to Mississippi Code Annotated § 99-39-11(2) (Rev.2000), which provides that the trial judge may deny a motion for post-conviction relief if the mov-ant plainly is not entitled to any relief. Thus, in considering motions for post-conviction relief, the trial judge is invested with the authority, pursuant to § 99-39-11(2), to deny motions as plainly meritless. Hunt v. State, 874 So.2d 448, 452 (¶¶ 12-13) (Miss.Ct.App.2004). The language from the order quoted above indicates that the trial judge denied Spencer’s motion at least in part because the trial judge found *357 the motion meritless, and under § 99-39-11(2) the trial court had the authority to deny the motion for that reason. Therefore, the reference in the order to § 99-39-11(2) constitutes a valid reason for denying Spencer’s motion for post-conviction relief, and we can find no clear error in denying Spencer’s motion on that basis.
¶ 13. In short, our review of the record in this case demonstrates that the trial court’s decision was not clearly erroneous; therefore, we affirm the denial of Spencer’s motion for post-conviction collateral relief.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF CALHOUN COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CALHOUN COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ. CONCUR. IRVING, J., CONCURS IN RESULT ONLY.