ISHEE, J.,
 

 for the Court.
 

 ¶ 1. On October 2, 2007, Willie S. Thomas pleaded guilty to two counts of sale of cocaine before the Oktibbeha County Circuit Court. Thomas was sentenced to serve two twenty-year • sentences, which were to run consecutively, all in the custody of the Mississippi Department of Corrections. Thomas filed a pro se motion for post-conviction relief on October 15, 2007, which was denied by the trial court. Aggrieved, Thomas appeals, asserting that: (1) he was denied effective assistance of counsel; (2) his plea was not voluntarily given; and (3) the trial court erred by dismissing his motion for post-conviction relief without holding an evidentiary hearing on the matter. Finding no error, we affirm.
 

 FACTS
 

 ¶ 2. On January 6, 2006, Thomas was indicted by an Oktibbeha County grand jury for three counts of sale of cocaine. Originally, Thomas pleaded not guilty to the charges. After seeking the advice of counsel, Thomas decided to change his plea to guilty. In exchange, the State agreed to have the third charge retired to the file and not to seek an enhanced habitual offender sentence. Subsequently, a plea hearing was held before the Oktib-beha County Circuit Court in which Thomas, with the assistance of counsel, pleaded guilty to two counts of sale of cocaine.
 

 ¶ 3. Before accepting Thomas’s guilty plea, the trial judge informed Thomas of his constitutional rights, and he asked Thomas if he understood that by pleading guilty he waived those rights. The trial judge also informed Thomas that the maximum sentence that he could receive was thirty years for each count for which he
 
 *516
 
 was charged. Thomas acknowledged that by pleading guilty he waived his right to a trial by jury, his ability to confront and question witnesses, his right against self-incrimination, and his right to appeal. Thomas also acknowledged that he understood the nature of the two charges against him and the maximum thirty-year sentence that he could receive for each conviction. Further, he admitted that a factual basis existed for the plea, in that he had sold cocaine to undercover agents on two separate occasions. Thomas testified that he was satisfied with the advice and performance of his attorney. He stated that he had not been coerced or promised anything in return for his guilty pleas.
 

 ¶ 4. After advising and questioning Thomas and his attorney, the trial judge found that Thomas was “competent to understand the charges against him and that he [understood] the nature and consequences of his two pleas as well as the maximum and minimum sentences required by law.” He accepted Thomas’s guilty pleas, finding that each was “freely, voluntarily, knowingly, and intelligently entered.” Subsequently, the trial judge asked the State if it had a sentence recommendation. In response, the State recommended that Thomas be sentenced to twenty years on each of the two counts to run consecutively in the custody of the MDOC. Thomas confirmed that this was the sentence that he and his attorney had agreed to. The trial judge accepted the State’s recommendation and sentenced Thomas to serve two consecutive twenty-year sentences.
 

 ¶ 5. Thomas filed a pro se motion for post-conviction relief on October 15, 2007, claiming that his pleas were not voluntarily and intelligently entered and that he received ineffective assistance of counsel. The trial court found the claims to be without merit and dismissed' the motion.
 

 STANDARD OF REVIEW
 

 ¶ 6. “In reviewing a trial court’s dismissal of post-conviction relief, our standard of review is well[-]stated. We will not disturb the trial court’s factual findings unless they are found to be clearly erroneous.”
 
 Williams v. State,
 
 872 So.2d 711, 712(¶ 2) (Miss.Ct.App.2004) (quoting
 
 Pace v. State,
 
 770 So.2d 1052,1053(¶ 4) (Miss.Ct.App.2000)).
 

 DISCUSSION
 

 I. Whether Thomas was denied his right to effective assistance of counsel.
 

 ¶ 7. Thomas argues that his counsel was ineffective, alleging that he was coerced by his attorney to plead guilty to the two offenses. Thomas claims that his attorney did not ensure that he understood the true nature of the offense for which he was charged, and she led him to believe that if he did not plead guilty he would receive a sentence of up to one hundred and twenty years. The State contends that Thomas’s claims are unsubstantiated and that he provides no evidence that his attorney’s performance was deficient.
 

 ¶ 8. The test for ineffective assistance of counsel is well known and requires a showing of deficiency in the performance of counsel and prejudice to the defendant.
 
 Strickland v. Washington,
 
 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984);
 
 Bell v. State,
 
 879 So.2d 423, 430(¶ 8) (Miss.2004). To bring a successful claim for ineffective assistance of counsel pursuant to the United States Supreme Court’s ruling in
 
 Strickland,
 
 the defendant must prove that his attorney’s overall performance was deficient and that this deficiency deprived him of a fair trial.
 
 Strickland,
 
 466 U.S. at 689, 104 S.Ct. 2052;
 
 Moore v. State,
 
 676 So.2d 244, 246 (Miss.
 
 *517
 
 1996) (citing
 
 Perkins v. State,
 
 487 So.2d 791, 793 (Miss.1986)). We must be mindful of the “strong but rebuttable presumption .that an attorney’s performance falls within a wide range of reasonable professional assistance and that the decisions made by trial counsel are strategic.”
 
 Covington v. State,
 
 909 So.2d 160, 162(¶4) (Miss.Ct.App.2005) (quoting
 
 Stevenson v. State,
 
 798 So.2d 599, 602(¶ 6) (Miss.Ct.App.2001)). To overcome this presumption, the defendant must demonstrate “that there is a reasonable probability that, but for his attorney’s errors, he would have received a different result in the trial court.”
 
 Woodson v. State,
 
 845 So.2d 740, 742(¶ 9) (Miss.Ct.App.2003) (citing
 
 Jackson v. State,
 
 815 So.2d 1196, 1200(¶ 9) (Miss.2002)).
 

 ¶ 9. After viewing the record before us, we do not find that the trial court was in error when it dismissed Thomas’s motion for post-conviction relief. Thomas has failed to provide any evidence that purports to show that his two pleas of guilty were coerced. At Thomas’s plea hearing, the trial judge explained to him the charges against him, his rights, and the effects and consequences of the plea. The judge also asked Thomas several questions before accepting his plea. During the judge’s inquiry, Thomas stated that he understood the charges against him and admitted to committing the crimes. Thomas was specifically asked whether he was coerced into making the pleas to which he responded that he was not. Additionally, Thomas testified that he reviewed the case with his attorney and was satisfied with the help and assistance that his attorney provided to him. “Great weight is given to statements made under oath and in open court during sentencing.”
 
 Sanchez v. State,
 
 913 So.2d 1024, 1027(¶ 8) (Miss.Ct.App.2005) (quoting
 
 Young v. State,
 
 731 So.2d 1120, 1123(¶12) (Miss. 1999)). Statements made during guilty plea hearings are made under oath; as such, “[t]here should be a strong presumption of validity.”
 
 Id.
 
 (quoting
 
 Mowdy v. State,
 
 638 So.2d 738, 743 (Miss.1994)). Further, this Court has held that “when the trial court questions the defendant and explains his rights and the effects and consequences of the plea on the record, the plea is rendered voluntary despite advice given to the defendant by his attorney.”
 
 Richardson v. State,
 
 769 So.2d 230, 234(¶ 6) (Miss.Ct.App.2000). Therefore, the trial court did not err in determining that Thomas’s decision to enter a plea of guilty was not coerced.
 

 ¶ 10. Consequently, the record does not indicate that the representation of Thomas was deficient in any way, nor has Thomas provided any evidence that his trial would have ended with a different result had his attorney not recommended that he plead guilty. The issue is without merit.
 

 II. Whether Thomas’s plea was knowingly, intelligently, and voluntarily given.
 

 ¶ 11. A guilty plea is voluntary and intelligent only if the defendant has been advised “concerning the nature of the charge against him and the consequences of the plea.”
 
 Alexander v. State,
 
 605 So.2d 1170, 1172 (Miss.1992) (citing
 
 Wilson v. State,
 
 577 So.2d 394, 396-97 (Miss.1991)). More specifically, the defendant must be informed that by pleading guilty he waives the following: (1) the right to a jury trial, (2) the right to confront adverse witnesses, and (3) the right to protection against self-incrimination.
 
 Id.
 
 (citing
 
 Boykin v. Alabama,
 
 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)). Pursuant to Rule 8.04(A)(4)(b) of the Uniform Rules of Circuit and County Court, the trial court must also “inquire and determine ... [t]hat the accused understands ... the maximum and minimum penalties provided by law.”
 

 
 *518
 
 ¶ 12. Thomas contends that the trial court erred by accepting his plea because the court did not ensure that the plea was knowingly, intelligently, and voluntarily given. He argues that his plea of guilty was not made voluntarily because he was misinformed with regard to the maximum sentence that he could receive, and he was coerced into pleading guilty by his attorney. Specifically, Thomas contends that his attorney led him to believe that he faced a sentence of “50, 60, or 120 years,” but by pleading guilty he would only receive a single twenty-year sentence. However, the record reflects otherwise.
 

 ¶ 13. During the plea hearing, Thomas testified that he understood the crime with which he was charged. His attorney testified that she advised Thomas of the elements of the two offenses for which he was charged, and Thomas did not give her any indication or reason to believe that he did not understand his rights with regard to those offenses. Thomas also testified that he understood that by pleading guilty he waived the following guarantees: (1) the right to plead not guilty, (2) the right to a trial by a jury, (3) the presumption of innocence, (4) the right to confront his accusers, (5) the right to testify in his own defense, if he chose to do so, and (6) the right to appeal.
 

 ¶ 14. Thomas’s blanket accusation on appeal that he was misinformed and deceived as to the maximum sentence that he was eligible to receive is contradicted by the record. The trial judge specifically asked Thomas if he understood that he could possibly receive up to a sixty-year sentence as a result of his two guilty pleas, stating:
 

 Do you understand that on these two pleas of guilty the Court could sentence you up to 30 years to serve in the Department of Corrections, and I’m required by law to impose a fine of not less than $5,000, not more than $1,000,000 on each of these two counts. So it would be a total of 60 years maximum and up to $2,000,000. Do you understand that?
 

 Thomas testified that he understood. Thomas also testified that no one forced him into pleading guilty and confirmed to the trial judge that it was his decision. Further, Thomas was present when the State recommended that he be sentenced to two consecutive twenty-year sentences, and he confirmed that he and his attorney had agreed to the recommendation. As previously stated, statements given during plea hearings are presumptively valid. Thomas has been able to provide no evidence, other than unsubstantiated accusations, that would rebut this presumption.
 

 ¶ 15. Accordingly, we conclude that Thomas’s plea of guilty to two counts of sale of cocaine was knowingly, intelligently, and voluntarily given. This issue is without merit.
 

 III. Whether the trial court erred in dismissing Thomas’s post-conviction-relief motion without conducting an evidentiary hearing.
 

 ¶ 16. Thomas contends that he should have been granted an evidentiary hearing before the court denied his post-conviction-relief motion.
 

 ¶ 17. An evidentiary hearing is not required where the allegations in the post-conviction-relief motion are specific and conclusive.
 
 Cole v. State,
 
 666 So.2d 767, 777 (Miss.1995) (citing
 
 Celestine v. Blackburn,
 
 750 F.2d 353, 358 (5th Cir.1984)). The statute relating to judicial examination of a motion for post-conviction relief includes the following provision: “If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to
 
 *519
 
 be notified.” Miss.Code Ann. § 99-39-11(2) (Rev.2007).
 

 ¶ 18. Under this statute dismissal is appropriate where “it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.”
 
 Culbert v. State,
 
 800 So.2d 546, 550(¶ 9) (Miss.Ct. App.2001) (quoting
 
 Turner v. State,
 
 590 So.2d 871, 874 (Miss.1991)). “Furthermore, where the trial court summarily dismisses the post-conviction[-]relief claim, it does not have an obligation to render factual findings and ‘this Court will assume that the issue was decided consistent with the judgment and ... will not be disturbed on appeal unless manifestly wrong or clearly erroneous.’ ”
 
 Id.
 
 (quoting
 
 Par Indus., Inc. v. Target Container Co.,
 
 708 So.2d 44, 47(¶ 4) (Miss.1998)).
 

 ¶ 19. We find that the trial court’s dismissal is consistent with the evidence and testimony presented in the record. Accordingly, we find that this issue is without merit.
 

 CONCLUSION
 

 ¶ 20. For the foregoing reasons, the judgment of the trial court dismissing Thomas’s motion for post-conviction relief is affirmed.
 

 ¶ 21. THE JUDGMENT OF THE OK-TIBBEHA COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO OKTIB-BEHA COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ROBERTS AND CARLTON, JJ., CONCUR.